STATE OF NEBRASKA, APPELLEE, v. DARREL F. PARKER, APPELLANT.

144 N. W. 2d 525

Filed July 29, 1966. No. 36262.

Schrempp, Lathrop, Rosenthal & Bruckner, for appellant.

Clarence A. H. Meyer, Attorney General, and Homer G. Hamilton, for appellee.

Heard before CARTER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and MURPHY, District Judge.

BROWER, J.

The appellant, Darrel F. Parker, was convicted of the first degree murder of his wife, Nancy Parker, and sentenced to life imprisonment by the district court for Lancaster County on June 2, 1956.

From his conviction and sentence appellant timely brought error to this court, which affirmed the judgment of the trial court in Parker v. State, 164 Neb. 614, 83 N. W. 2d 347. His motion for rehearing was overruled. A petition for certiorari to the Supreme Court of the United States was denied April 14, 1958. Parker v. Nebraska, 356 U. S. 933, 78 S. Ct. 775, 2 L. Ed. 2d 763.

Appellant, in 1962, filed his petition for a writ of error coram nobis in the district court for Lancaster County, which was dismissed by that court. On appeal to this court, the judgment of the trial court was affirmed. Parker v. State, 178 Neb. 1, 131 N. W. 2d 678.

A petition for a writ of habeas corpus was filed by appellant in the United States District Court for the District of Nebraska. This petition was dismissed after the passage of the law relating to post conviction procedure, sections 29-3001 to 29-3004, R. S. Supp., 1965, because the petitioner had not exhausted his state remedies.

On June 10, 1965, the appellant filed his verified motion for relief under sections 29-3001 to 29-3004, R. S. Supp., 1965, in the district court for Lancaster County. A hearing was there held at which the transcript of the evidence and exhibits at appellant's preliminary hearing and the transcripts, bills of exceptions and exhibits, both at the original trial at which appellant was convicted and sentenced and the hearing on his petition for a writ of error coram nobis, were received in evi-

dence. No further evidence was offered. At the conclusion of this trial the district court denied his motion and the appellant appeals to this court from an order overruling a motion for a new trial.

The facts surrounding the murder of Nancy Parker on December 14, 1955, and the actions of the appellant following her death are set forth in the opinion of this court in Parker v. State, 164 Neb. 614, 83 N. W. 2d 347. The interrogation of appellant by John E. Reid alone, leading to his confession, and the preparation and reduction thereof to writing by the court reporter and its signature by the appellant before witnesses is there related. The oral confessions to law enforcement officers immediately following the interrogation is also discussed.

The appellant's assignment of errors is repetitious, but the questions which they pose will be considered in this opinion.

Several of the errors urged by appellant relate to the appellant's interrogation leading to his confession without the presence of his attorney. It affirmatively appears from the record that appellant was not represented by counsel during several hours of questioning. Neither was he advised of any right to the presence of an attorney, nor that any statement he made might be used against him. The contentions of the appellant here asserted were raised in the trial court at the hearing on the present motion and there related by his counsel to the rules laid down by the Supreme Court of the United States in the case of Escobedo v. Illinois, 378 U. S. 478, 84 S. Ct. 1758, 12 L. Ed. 2d 977. It was asserted that the doctrine of Escobedo must be considered retroactively and governed the interrogation of the appellant which preceded his confessions in December 1955. Subsequently the Supreme Court of the United States, in Johnson v. New Jersey, 384 U. S. 719, 86 S. Ct. 1772, 16 L. Ed. 2d 882, held that the case of Escobedo v. Illinois, *supra,* affects only those cases in which the trial began after June 22, 1964. It has no

application to appellant's confession and his contention based upon that case cannot be sustained.

Appellant contends his written and oral confessions were involuntary and were procured in violation of the due process clause of the Constitutions of the United States and the State of Nebraska. At all of the trials and hearings, from this preliminary to and including the consideration of the present motion, appellant was represented by able counsel. All questions now raised concerning whether his confession and oral statements made immediately thereafter were voluntary or involuntary were hotly contested at length in the trial when he was convicted and sentenced, which continued over 17 days. He then had four attorneys of his own choice. The evidence then given and received is very voluminous, particularly on the issue of the voluntariness of his confessions. The evidence with respect to the written confession was presented to the court in the absence of the jury. The trial court thereafter held that the written confession was voluntary before it was permitted to be heard by the jury. Even more extended testimony presented both by the State and the appellant was thereafter heard before the jury on the written and oral confessions. After the issue was presented to the jury under the trial court's instructions, the jury by its verdict found the confessions voluntary as a matter of fact. It was again reviewed by the trial court on considering a motion for a new trial. It was considered by this court and reviewed in its opinion in Parker v. State, 164 Neb. 614, 83 N. W. 2d 347. Certiorari to the Supreme Court of the United States was denied in Parker v. Nebraska, *supra*. It was reviewed by another judge of the trial court at the hearing of the motion now before us on appeal.

Objection at one time was made to the oral confessions because separate and independent evidence as to their being voluntary was not first produced before the court in the absence of the jury. This objection,

however, was thereafter in effect withdrawn, as stated in our opinion in Parker v. State, 164 Neb. 614, 83 N. W. 2d 347. The oral confessions followed immediately after the written one and much of the evidence with respect to the voluntariness of the written confession applied to the oral ones also.

The law relating to post conviction procedure, sections 29-3001 to 29-3004, R. S. Supp., 1965, is quite new. In many of its aspects it is similar to the federal statute, Title 28 U. S. C. A., § 2255, p. 563. The case of Hodges v. United States, 282 F. 2d 858, certiorari denied, 368 U. S. 139, 82 S. Ct. 235, 7 L. Ed. 2d 184, was one where the accused made a confession of guilt. Like questions as to the confession being voluntary were heard in the cited case first by the trial court alone and by it held to be voluntary and thereafter submitted to the jury. The jury found the confession voluntary and the defendant in that case was convicted. The accused, without appealing, attempted by motion filed under 28 U. S. C. A., § 2255, to have the issue redetermined. The United States Court of Appeals, District of Columbia Circuit, in its opinion stated: "It may be that less than 4% of such petitions ultimately prove meritorious. Yet we must scrutinize all of them with care, not only because it is our duty under the statute but because we are traditionally obligated to give relief in habeas corpus—for which the statute provides at least a partial substitute—in cases where a clear miscarriage of justice has occurred. But, absent a showing of a real miscarriage of justice, I think we must hold to the general rule that the admission of a confession at a plenary trial is not subject to attack under Section 2255 on the ground that the confession was coerced, or was given during a period of illegal detention. Allowing such collateral attacks to be made would permit the reopening of many of the most lengthy and hotly contested criminal trials—at a time when recollections may have dimmed and witnesses may have disappeared."

To the same effect, see State v. Howard (Mo.), 383 S. W. 2d 701, interpreting the post conviction procedure of Missouri.

In Butler v. United States, 340 F. 2d 63, certiorari denied, 382 U. S. 847, 86 S. Ct. 92, 15 L. Ed. 2d 87, the court held that although strict doctrine of res judicata does not apply to a motion to vacate a judgment, under 28 U. S. C. A., § 2255, it cannot serve office of an appeal, and issues disposed of on prior appeal will not be reviewed again on motion to vacate the judgment. See, also, Evans v. United States, 346 F. 2d 512. We hold that in the absence of a showing of real miscarriage of justice, the question of whether a confession was obtained unlawfully cannot be raised under sections 29-3001 to 29-3004, R. S. Supp., 1965, where the facts relied on by the petitioner have been the subject of and decided in a former appeal to this court from conviction.

Out of abundant caution we have carefully reviewed the evidence in this extended record now before us. After the death of his wife, appellant accompanied her body to Des Moines, Iowa, for burial. While in that city he was requested by a phone call from the county attorney to return to Lincoln to assist in the investigation of his wife's murder. He was told to go directly to the highway patrol headquarters to avoid publicity. Following these instructions, on arrival at the headquarters he was introduced to John E. Reid, an eminent criminologist from Chicago. Reid interrogated him alone in a small room with a lie detector. The questioning continued for several hours, though in two periods with a considerable interval between. In the interval he was alone in another room. Appellant maintains he was lured into a trap and his testimony was that the confession was obtained by constant grilling while he was still emotionally disturbed by the tragic death of his wife. He testified this continued until he lost all sense of what was going on or what he was doing, and he had no knowledge of what he signed or said. He says

that during the period which he did remember, his hair was pulled and he was bumped under the chin by Reid repeatedly. Reid denies this but admits gently stroking appellant's hair and lifting his chin when asking him to look into his eyes.

On the other hand, the evidence shows the appellant was 24 years old. He had been graduated from high school as the valedictorian of his class. Thereafter he attended Iowa State College where he received above-average grades. There he was graduated, receiving a degree of Bachelor of Science, majoring in forestry. He was steward of his fraternity and took part in college activities. He had traveled somewhat. After confessing to Reid, he repeated the substance of his written confession to two law enforcement officers in Reid's absence. The oral confessions tend to strengthen the written one. He then made no complaint of his treatment by Reid. The written confession was taken in shorthand by the court reporter and thereafter transcribed by her. It was read to him in the presence of the reporter and four enforcement officers. It was signed after corrections made and initialed by him and witnessed by the reporter and two of the enforcement officers present. They testified he made no objections when it was read although asked if he had been threatened or had been promised anything. Again he made no complaint of his treatment and appeared normal and unemotional at that time. He had not been arrested and the complaint for first degree murder was first filed in county court the next day. The only evidence indicating detention was his testimony that while he was alone in a room before the second interrogation at which he confessed, he got up to get a chair to stretch his legs out on, when Captain Smith came running in and said, "Oh, I thought you were going to—oh, oh, that's all right." He says he then realized he could not go.

This conflicting evidence was submitted to the trial court which held the confession voluntary. The jury

found it voluntary. It has now been considered by two trial judges, each of whom reviewed it again on motions for new trial. It was previously reviewed by this court on appeal.

Appellant complains of the misconduct of the prosecuting attorney in his opening statement to the jury. This was considered by this court in its opinion in Parker v. State, 164 Neb. 614, 83 N. W. 2d 347, and because of the admonition of the court and the failure of counsel to move for a mistrial, this court there held appellant had no ground for complaint.

Appellant also assigns as error the admission of testimony concerning acts and condition of Nancy Parker prior to her death. The question was considered by this court in Parker v. State, 164 Neb. 614, 83 N. W. 2d 347, where it was held that its admission did not prejudice the appellant.

We find no evidence of a real miscarriage of justice. We think the same issues should not now be relitigated.

It follows that the judgment of the trial court should be and is affirmed.

AFFIRMED.