382 F.2d 758
 Francis Marion BLACK, Appellant,
v.
Dr. George J. BETO, Director, Texas Department of
Corrections (Board ofPardons and Paroles of Texas and/or A.
C. Turner, Pat Bullock, and Jack Ross,members of such Board,
substituted as Appellees), Appellees.
 No. 24263.
 United States Court of Appeals Fifth Circuit.
 July 13, 1967.
 
 William E. Gray, Houston, Tex., for appellant.
 Gilbert J. Pena, Lonny F. Zwiener, Asst. Attys. Gen. of Texas, Crawford C. Martin, Atty. Gen., George M. Cowden, First Asst. Atty. Gen., A. J. Carubbi, Jr., Staff Legal Asst., R.L. (Bob) Lattimore, Howard M. Fender, Robert E. Owen, Asst. Attys. Gen., Austin, Tex., for appellees.
 Before TUTTLE, Chief Judge, and THORNBERRY and GODBOLD, Circuit judges.
 TUTTLE, Chief Judge:
 
 
 1
 Appellant was tried in June, 1938, in the District Court in Brewster County, Texas, for the murder of his adopted son. The jury found him guilty, and the conviction was upheld on appeal to the Texas Court of Criminal Appeals. Black v. Texas, 137 Tex.Cr.R. 173, 128 S.W.2d 406 (1939). At the trial, appellant's signed confession was introduced in evidence against him. In this appeal from the district court's denial of his petition for a writ of habeas corpus, the only grounds for reversal urged relate to the issue of voluntariness of that confession, and the procedure for determination of that issue prescribed by Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).
 
 
 2
 Appellant's first contention is that he is entitled to have the voluntariness of his confession determined by a Texas court in accord with valid state procedures, under the requirements announced in Jackson v. Denno. The district court rejected this contention on two grounds. First, it decided that since appellant's counsel failed to object to the admission of the confession on the precise ground that it was involuntary, appellant effectively waived that objection. Second, it decided that in any event, the constitutional requirements of Jackson v. Denno were fully satisfied by an inquiry into the voluntariness of appellant's confession conducted by the federal district court in a prior habeas proceeding in 1961.
 
 
 3
 Appellant's second assertion, upon which the first is premised, is that his confession was involuntary, at least when examined in the light of present, retroactively applicable standards. On this point, the district court stated that it had reviewed all of the relevant evidence adduced, both in this proceeding and in the prior habeas corpus hearing conducted in the district court in 1961, and concluded that appellant's confession 'was freely and voluntarily given, with a full understanding of the consequences thereof.'
 
 
 4
 In Jackson v. Denno, supra, the Supreme Court held that the New York procedures for determining the voluntariness of a confession, under which that issue was presented to the trial jury unless the trial judge made a preliminary finding that it could not be deemed voluntary under any circumstances, was constitutionally invalid. The Court held that a defendant had a constitutional right to a fair hearing and reliable determination of the voluntariness of a confession not influenced by its truth or falsity, and that this right cannot be satisfied by submitting the issue of voluntariness to the jury trying the issue of guilt.
 
 
 5
 Turning to the question of what remedy to afford Jackson, the Court held that 'the further proceedings to which Jackson is entitled should occur initially in the state courts rather than in the federal habeas corpus court,' and remanded the case with instructions to the district court to allow the state a reasonable time to afford Jackson a satisfactory hearing on the issue of voluntariness-- notwithstanding the fact that the district court had already conducted an independent review and found that there was 'no good reason to conclude that the confession of the defendant was involuntary.'
 
 
 6
 The State concedes in its brief that the procedure followed by the trial court in this case was equivalent to that condemned by the Supreme Court in Jackson-- i.e., the confession was submitted to the trial jury with instructions to disregard it if they found it to be involuntary, without a prior independent determination of voluntariness by the trial court. The district court decided, however, that Black need not be afforded the relief accorded Jackson by the Supreme Court because he effectively waived any objection to the use of the confession against him based on a claim of involuntariness, by his failure to raise that specific objection at his trial. We cannot agree with this conclusion.
 
 
 7
 It is true that Black's attorney did not make a precise challenge to the admission of the confession on the ground that it was not voluntarily made. However, when the confession was tendered in evidence, counsel did request permission to conduct an examination of the police officer who took the statement from Black. In the course of that interrogation, a number of questions, some of them suggesting the possible presence of coercive influences bearing on Black's confession, were put to the officer, and at the conclusion of the examination, Black's attorney stated: 'We object (to the introduction of the confession) and don't think that sufficient evidence has been offered to permit the confession to be introduced. No proper predicate has been laid.' Apparently this was sufficient to make the trial judge aware that the voluntariness of appellant's confession was a possible issue in the case for in his charge he specifically insturcted the jury that it would be their duty to make a determination of the voluntariness of the confession, and to disregard it if they found that it was not freely and voluntarily given. The significance of the trial judge's recognition of a potential dispute over the voluntariness of a confession is clearly indicated in the Court's opinion in Jackson. There, counsel initially made no objection whatever to the admission of defendant's confession. Commenting on that fact, the Court said, 'Although Jackson's counsel did not specifically object to the admission of the confession initially, the trial court indicated its awareness that Jackson's counsel was questioning the circumstances under which Jackson was interrogated.' 378 U.S. 374, 84 S.Ct. 1774.
 
 
 8
 In any event, Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), teaches that a federal judge's discretion to deny relief to a habeas corpus applicant for a procedural default is a narrowly limited one, and that the standard to be employed is that enunciated in Johnson v. Zerbst,304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)-- 'An intentional relinquishment or abandonment of a known right of privilege.' The circumstances here presented do not we think, satisfy that standard. See Mitchell v. Stephens, 353 F.2d 129 (8 Cir. 1965).
 
 
 9
 Alternatively, the district court concluded that the requirements of Jackson were effectively met in this case by the inquiry conducted on appellant's prior application for habeas corpus relief in the Federal District Court in 1961. The State argues that since Black received a reliable determination of the voluntariness question in that proceeding, which occurred some three years before Jackson v. Denno was decided, 'surely Jackson would not require a redetermination of voluntariness by a state court.' The difficulty with this proposition is that the Court's opinion in Jackson reflects a considered choice, based upon substantive considerations, favoring state court determination of such questions. Quoting from Rogers v. Richmond, 365 U.S. 534, 81 S.Ct. 735, 5 L.Ed.2d 760 (1961), the Court explained its choice thus:
 
 
 10
 'A state defendant should have the opportunity to have all issues which may be determinative of his guilt tried by a state judge or a state jury under appropriate state procedures which conform to the requirements of the Fourteenth Amendment. * * * The State, too, has a weighty interest in having valid federal constitutional criteria applied in the administration of its criminal law by its courts and juries. To require a federal judge exercising habeas corpus jurisdiction to attempt to combine within himself the proper functions of judge and jury in a state trial-- to ask him to approximate the sympathies of the defendant's peers or to make the rulings which the state trial judge might make * * *-- is potentially to prejudice state defendants claiming federal rights and to pre-empt functions that belong to state machinery in the administration of state criminal law.' Jackson v. Denno, supra, 378 U.S. at 393, 84 S.Ct. at 1789-1790.
 
 
 11
 The Court of Appeals for the Eighth Circuit was confronted with a similar question in Minnesota ex rel. Holscher v. Tahash, 364 F.2d 922, 8th Cir. 1966. There, as here, the district court had concluded that the requirements of Jackson v. Denno had been fulfilled by a determination of the voluntariness of the petitioner's confession made by the federal habeas corpus court. The Court of Appeals said:
 
 
 12
 'One may well argue that when a federal court conducts a full evidentiary hearing and reaches a conclusion as to a federal constitutional issue, this should be sufficiently determinative of that issue on a post-conviction attack. Nevertheless, adopting an attitude of over- rather than under-caution, we are inclined to read Jackson v. Denno otherwise. * * * We therefore conclude that, absent waiver, Holscher is entitled to have the question of voluntariness of his statements determined by the state court rather than by a federal court, and in accord with valid state procedures.' Id. at 927.
 
 
 13
 We believe that conclusion was correct. The Supreme Court has indicated as much in Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).
 
 
 14
 Accordingly, the judgment denying petitioner's application for a writ of habeas corpus is reversed and the case is remanded to the district court with directions to allow the State a reasonable time to afford Black a hearing conforming to the dictates of Jackson v. Denno, failing which he is entitled to his release.