## SIGLER, WARDEN v. PARKER

No. 743. Decided January 26, 1970

*Clarence A. H. Meyer,* Attorney General of Nebraska, and *Ralph H. Gillan,* Assistant Attorney General, for petitioner.

*Richard J. Bruckner* for respondent.

PER CURIAM.

In 1956 respondent was found guilty in a Nebraska court of first-degree murder; he was sentenced to life imprisonment. After exhausting his post-conviction remedies under Nebraska law, respondent petitioned the United States District Court for the District of Nebraska for a writ of habeas corpus. After an evidentiary hearing, the District Court dismissed the petition. One of the issues presented to the District Court was the voluntariness of confessions used against respondent at his trial. Relying on the findings of the state court in a

1965 post-conviction proceeding, the District Court concluded that the confessions were voluntarily given and hence admissible. The Court of Appeals for the Eighth Circuit, without reaching the other issues before it, reversed on the ground that respondent's confessions were involuntary. 413 F. 2d 459 (1969). The court first found that the opinion of the Nebraska Supreme Court affirming respondent's conviction indicated that the trial judge had not found the confessions voluntary before admitting them into evidence. The court then found that this violation of the procedural rule of *Jackson* v. *Denno,* 378 U. S. 368 (1964), had tainted all subsequent findings of voluntariness in the Nebraska courts and in the District Court. Since it seemed "unlikely that either party has any additional substantial evidence on the voluntariness issue," 413 F. 2d, at 463, the Court of Appeals chose to evaluate the confessions itself rather than to remand the case to allow the State to make an untainted determination on the voluntariness question. After examining the record of the trial and the post-conviction proceedings, the court held that the confessions could on no view of the evidence be deemed voluntary. On the basis of this determination, the court directed that the writ of habeas corpus should be granted unless within a reasonable time respondent was given a new trial from which the confessions were excluded.

We agree with the Court of Appeals that the record of proceedings in the trial court and the opinion of the Nebraska Supreme Court affirming respondent's conviction do not justify a conclusion that the trial judge made his own determination of voluntariness as required by *Jackson* v. *Denno, supra.* See *Sims* v. *Georgia,* 385 U. S. 538 (1967). In addition, we accept the Court of Appeals' determination that all subsequent findings of voluntariness were made at least in part in reliance on the first, procedurally defective, determination of the

admissibility of the confessions.* However, as indicated in our opinion in *Jackson* v. *Denno, supra,* at 391–396, the appropriate remedy when a federal court finds a *Jackson* v. *Denno* error in a prior state proceeding is to allow the State a reasonable time to make an error-free determination on the voluntariness of the confession at issue. Hence it was error for the Court of Appeals to pass judgment on the voluntariness of respondent's confessions without first permitting a Nebraska court to make such an evaluation uninfluenced by the apparent finding of voluntariness at the 1956 trial.

The writ of certiorari is granted. The judgment of the Court of Appeals is vacated and the case is remanded to that court for further proceedings consistent with this opinion.

*It is so ordered.*

MR. JUSTICE BLACK, with whom THE CHIEF JUSTICE joins, dissenting.

This Court in *Jackson* v. *Denno,* 378 U. S. 368 (1964), held over my dissent that the question of the voluntariness of a defendant's alleged confession must be made by the trial judge in a separate proceeding prior to the submission of the confession to the jury, and that insofar

---

*After a hearing in 1965 under the Nebraska Post Conviction Act, Neb. Rev. Stat. §§ 29–3001 to 29–3004 (Cum. Supp. 1967), the state trial court found that the record and exhibits indicated that the confessions were voluntary. The Court of Appeals may have deemed this conclusion unsatisfactory because the state court's finding on the voluntariness question was followed immediately by a reference to the original determination, at trial and on appeal from the conviction, as to the admissibility of the confessions. The Court of Appeals' view is supported by the fact that the Nebraska Supreme Court relied heavily on the apparent finding of voluntariness at the original trial and on appeal in affirming the trial court's denial of collateral relief. *State* v. *Parker,* 180 Neb. 707, 144 N. W. 2d 525 (1966).

as federal questions concerning coercion under the Fifth Amendment were involved the decision of the trial judge forecloses the jury from passing upon the voluntariness question. In my dissent I said:

> "Whatever might be a judge's view of the voluntariness of a confession, the jury in passing on a defendant's guilt or innocence is, in my judgment, entitled to hear and determine voluntariness of a confession along with other factual issues on which its verdict must rest." *Id.*, at 401.

I adhere to that dissent and hope that at some future time this Court will restore to defendants their right to have the voluntariness of alleged confessions determined by the jury as the Sixth Amendment requires.

I would not object if the Court were remanding the case for a new and complete retrial in which a Nebraska jury of the defendant's peers could determine after hearing the evidence whether the alleged confessions had been voluntarily given. Clearly, when a jury passes upon the truthfulness of a confession, as it must do when a confession is offered, the jury must also be allowed to determine whether the confession was caused by police coercion or whether it was freely given. *Jackson* v. *Denno* thus took away a defendant's traditional right to have the jury decide for itself whether a confession was tainted and probably untrue because it was coerced. The vital importance of this issue to defendants tried in this country is a sufficient reason for me to continue my protest against the Court's holding in *Jackson* v. *Denno*.

MR. JUSTICE DOUGLAS, dissenting.

Respondent was convicted of murder and he was sentenced to life imprisonment on June 2, 1956, nearly 14 years ago. On appeal, his conviction was affirmed.

*Parker* v. *State,* 164 Neb. 614, 83 N. W. 2d 347, and we denied certiorari, 356 U. S. 933.

In 1962 respondent filed a petition for writ of error *coram nobis* in the trial court which was dismissed. The dismissal was affirmed on appeal. *Parker* v. *State,* 178 Neb. 1, 131 N. W. 2d 678.

In 1963 respondent sought post-conviction relief in the Nebraska court, alleging that the confessions obtained from him and used at the trial were involuntary and in violation of the Federal Constitution. The court after an evidentiary hearing denied relief and the Supreme Court of Nebraska affirmed. *State* v. *Parker,* 180 Neb. 707, 144 N. W. 2d 525.

In 1966 respondent filed the present petition for habeas corpus in the Federal District Court, again challenging the voluntariness of the confessions. Again a full evidentiary hearing was held and the petition was denied. That was on June 27, 1968. On July 18, 1969, the Court of Appeals reversed, 413 F. 2d 459, saying:

> "The interest of justice would not be served by remanding this case for a hearing upon the voluntariness of the confession[s] if the factual background in the present case is such that in event the state court again found the confession[s] voluntary, a determination that such finding was not warranted would be required. In both the state and federal post conviction hearings reliance was placed upon the extensive record made on voluntariness at the trial, and no additional evidence was introduced. Thus it would seem unlikely that either party has any additional substantial evidence on the voluntariness issue." *Id.,* at 463.

The issue of voluntariness *vel non* of the confessions is a much-plowed field. If the federal courts were coming to this question without prior state opportunity to

act, I would agree that the federal courts should not act until the state tribunal first had the opportunity to try the issue. Moreover, it would be more appropriate, as MR. JUSTICE BLACK says, to remand the case so that there might be a new trial before a jury. But if this issue is to be resolved in a habeas corpus proceeding, where traditionally a jury does not sit,* then we should affirm the Court of Appeals. The issue as to the voluntary character of the confessions has been hotly contested and the facts thoroughly exposed in the state proceedings. And the conclusion by the Court of Appeals that the confessions were not voluntary is a responsible one. Moreover, the observation of the Supreme Court of Nebraska that there is no evidence of "a real miscarriage of justice," *State* v. *Parker,* 180 Neb., at 714, 144 N. W. 2d, at 529, though popular in some legal circles, is irrelevant. For under our presumably civilized constitutional procedures, a conviction on a coerced confession, even of one whom we despise, is intolerable.

---

*The rule that there is no right to jury trial in habeas corpus cases has been codified in the federal statute, 28 U. S. C. § 2243:

"The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require."

Section 2243 does not preclude the use of an advisory jury pursuant to Fed. Rule Civ. Proc. 39 (c). See 5 J. Moore, Federal Practice 265–269 (1969); cf. W. Church, A Treatise on the Writ of Habeas Corpus 256 (2d ed. 1893). Yet the use of an advisory jury is discretionary only. See *Barry* v. *White,* 62 App. D. C. 69, 70, 64 F. 2d 707, 708 (1933). "[T]he court should not utilize an advisory jury, if to do so would delay the hearing of the habeas corpus proceeding; and as a matter of sound practice the advisory jury should be used, if at all, only in the rare and exceptional case." Moore, *supra,* at 268–269.