Raymond L. **FLANAGAN**, Petitioner,

v.

**STATE OF ARIZONA**, Respondent.

Civ. A. No. 70–H–332.

United States District Court,
S. D. Texas,
Houston Division.

April 8, 1970.

---

Raymond L. Flanagan, pro se.

No appearance for respondents.

## MEMORANDUM AND ORDER:

NOEL, District Judge.

Petitioner, a prisoner in Texas custody, has requested leave to file a petition for a writ of habeas corpus in forma pauperis. His motion to file in forma pauperis is granted as to proceedings in this Court only.

The records before this Court reflect that in 1957 a Cochise County, Arizona Justice of the Peace Court issued an arrest warrant charging petitioner with murder. The record does not reflect whether he was indicted. Subsequently, in connection with another crime, he was sentenced and incarcerated in Texas. Petitioner has never been tried in Arizona for the alleged 1957 murder, but the Arizona authorities did file a detainer with the Texas prison officials to secure petitioner's custody upon release from Texas confinement.

Construing petitioner's claims broadly, as I must, I find that he has asserted two claims for relief. First, he alleges that the Texas prison officials have deprived him of equal protection of the law and subjected him to cruel and unusual punishment in that, due *solely* to the Arizona detainer, he has been denied trusty, parole, visitation and pre-release program privileges accorded inmates who do not have detainer warrants lodged against them. Second, relying on Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969), he alleges that the State of Arizona and the Cochise, Arizona County Attorney have denied his right to a speedy trial on the 1957 murder charge. He wants this Court to order the Arizona authorities to dismiss both the charges and the detainer pending against him.

### The Texas Claim

■ The proper party defendant to answer petitioner's first claim is not the State of Arizona, but is Dr. George J. Beto, Director of the Texas Department of Corrections. The claim against Dr. Beto, however, must be dismissed because petitioner did not allege exhaustion of the Texas state remedies presently available to him.

■ Texas remedies are not exhausted until the precise constitutional questions presented in an application for the writ of habeas corpus have been presented and passed upon by the Texas Court of Criminal Appeals after trial, or have been presented to and passed upon, on the merits, in all Texas state habeas corpus proceedings provided in the Texas Code of Criminal Procedure, article 11.-07. 28 U.S.C. § 2254; Sigler v. Parker, 396 U.S. 482, 90 S.Ct. 667, 24 L.Ed.2d 672 (1970).

The procedure the petitioner is required to follow in pursuing the remedy of state writ of habeas corpus is that provided by amended article 11.07 of the Texas Code of Criminal Procedure. These steps are:

(1) Petition the state district judge for a writ of habeas corpus. The district judge may hold a fact-finding hearing on the allegations in the petition and determine whether or not to issue the writ. If he decides the petition has merit, his duty is to transmit the writ together with the transcript of the hearing and his findings of fact to the Court of Criminal Appeals. The Court of Criminal Appeals then considers the case on its merits and either grants or denies the writ.

(2) If the state district judge does not hold a fact-finding hearing or the judge does not transmit the writ to the Court of Criminal Appeals, petitioner must then file an original petition for a writ of habeas corpus with the Texas Court of Criminal Appeals. *See* Ex parte Williams, 169 Tex.Cr.R. 96, 331 S. W.2d 940 (Tex.Crim.App.1960). The Court of Criminal Appeals may then "designate and direct any district judge or judges of this state to ascertain the facts necessary for proper consideration of the issues involved." Article 11.07, Texas Code of Criminal Procedure.

■ While the original habeas corpus jurisdiction of the Texas Court of Criminal Appeals is unlimited, State ex rel. Wilson v. Briggs, 171 Tex.Cr.R. 479, 351 S.W.2d 892, 894 (Tex.Crim.App.1961), that court considers only the record before it on applications for writ of habeas corpus, and it does not conduct fact-finding hearings. Therefore, valuable as the original filing procedure may be for receiving a determination of legal questions in applications for writ of habeas corpus, it is virtually ineffective for providing the type of fact-finding hearing promulgated in Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed. 2d 770 (1963).

■ Article 11.07 provides an effective post-conviction remedy which gives the Texas district courts the opportunity to review in a fact-finding hearing alleged constitutional deprivations. This post-conviction remedy is adequate, effective and presently available to the petitioner. It offers him the opportunity for a full and fair state court fact-finding hearing of the sort required by Townsend v. Sain, *supra.*

### The Arizona Claim

Petitioner's second claim for relief is properly directed against the State of Arizona. The allegations and exhibits in the petition *appear* to indicate that Arizona state remedies have been exhausted, or may be inadequate in this case.[1]

■ This Court, however, is convinced that it is not the proper forum to adjudicate claims against Arizona officials. The place to sue these officials is in the Arizona District of the United States District Court.

■ The adjudication of this claim in Arizona is necessary for numerous reasons: (1) The United States District Court in Arizona is in a better position to determine whether state remedies have been exhausted and, unlike this Court, could more readily secure personal service over the defendant and enforce orders dismissing the detainer. (2) Further, that federal court would be in a better position to enforce orders requiring the production of state records and the issuance of subpoenas to witnesses. (3) In addition, the Arizona forum would be obviously more convenient for all witnesses except possibly petitioner. (4) Petitioner should experience no problem should it become necessary for him to appear in the Arizona proceedings. *Cf.* Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969); Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968). (5) Finally, it is obvious that the Arizona federal court has habeas corpus jurisdiction. Petitioner, due to the Arizona state detainer, is in technical custody in the State of Arizona. Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L. Ed.2d 426 (1968).

Accordingly, it is ordered:

(1) The clerk will file this petition.

(2) The claim against Dr. George J. Beto, Director Texas Department of Corrections, is dismissed.

(3) The petition is transferred to the Arizona District of the United States District Court.

(4) The clerk shall file this Memorandum and Order; transfer the file to the Clerk for the Arizona District of the United States District Court; make copies of petitioner's exhibits and return the copies to him; and send copies of this Memorandum and Order to petitioner, the Attorney General of the State of Texas, the Attorney General of the State of Arizona, and the Cochise County, Arizona Attorney.

---

1. Petitioner attached to his petition numerous copies of applications for trial which he sent to: (1) the Arizona Supreme Court, (2) the Arizona Superior Court for Cochise County, and (3) various executive officers of the State of Arizona. He also attached copies of *purported* letters sent by the Assistant Cochise County Attorney to Texas Governors Connally and Smith, requesting them to formally *deny* his applications to extradite Flanagan.