Memorandum. Although the Judge on the Huntley hearing noted that at the trial the jury had “ apparently” given no credence to defendant’s claim his admissions to police were not voluntary, the record discloses the Hearing Judge independently decided the issue raised on the hearing. He expressly found, beyond a reasonable doubt, on “ all the proof ” that the defendant’s admissions were not coerced as a result of physical abuse, but “ freely and voluntarily made ”.
Upon independent review of law and facts available at. the Appellate Division this was unanimously affirmed (33 A D 2d *623 788) without any reference to the jury’s original decision. The case is thus distinguishable from Sigler v. Parker (396 U. S. 482) where the record disclosed the determination of voluntariness in the Nebraska court was unduly influenced by an earlier determination at the trial on which the court ‘‘relied heavily” (n., p. 484).
There is demonstrated in this present case an independent evaluation of a contested issue of coercion at the time of the admissions made to police.
Appellant does not show the relevancy of the records of the Federal Bureau of Investigation sought to be subpoenaed and hence that the order quashing the subpoena was prejudicial.
The order should be affirmed.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Breitel, Jasen and Gibson concur.
Order affirmed in a memorandum.