**Marden A. MAYES, Appellant,**

v.

**Maurice H. SIGLER, Warden, etc.,**
**Appellee.**

**No. 19898.**

United States Court of Appeals,
Eighth Circuit.

July 17, 1970.

Charles P. Huff, Lincoln, Neb., for appellant, and filed brief.

Harold Mosher, Asst. Atty. Gen., Lincoln, Neb., for appellee, and filed brief; Clarence A. H. Meyer, Atty. Gen., was on the brief with Mr. Mosher.

Before VAN OOSTERHOUT, MEHAFFY and LAY, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

This is a timely appeal by Marden A. Mayes, hereinafter for convenience called defendant, from final order denying habeas corpus relief from defendant's state conviction and resulting sentence of imprisonment. The appeal is in forma pauperis; certificate of probable cause was issued by the trial court. The defendant is represented by court-appointed counsel.

Defendant after a plea of not guilty to an information charging him with uttering a forged instrument was tried by a jury, found guilty, and sentenced to seven-years imprisonment in the Nebraska Penal and Correctional Complex. Defendant's conviction was affirmed upon direct appeal. State v. Mayes, 183 Neb. 165, 159 N.W.2d 203. The underlying facts and the issues determined are fairly set out in the opinion.

In the present proceeding, the trial court in an order filed September 25, 1967, determined the petitioner had not adequately alleged exhaustion of state remedies and that unless supplemental petition setting forth exhaustion of state remedies was filed the petition would stand dismissed. After defendant filed an additional pleading, the court on November 16, 1967, filed an order determining petitioner had not exhausted state remedies available to him under the Nebraska Post Conviction Remedy Law and the court ordered the dismissal of the petition.

After defendant filed further amendments to his petition, the court on June 6, 1968, reactivated the case and directed the respondent to show cause why the writ should not issue. An additional amendment was later filed which made Warden Sigler, who had custody of the defendant, a respondent. Return was made to the order to show cause. An evidentiary hearing was held at which the defendant testified on his own behalf and witnesses testified on behalf of the respondent.

Judge Van Pelt, who heard this case, elected to decide the case on the merits.

He has very adequately demonstrated in his well-considered memorandum opinion (not reported) that upon the basis of fact findings made, which are supported by substantial evidence, and the proper application of the law to the facts, the defendant is entitled to no relief and we would have no difficulty affirming upon the basis of Judge Van Pelt's opinion if the exhaustion of remedy issue can properly be bypassed. On the exhaustion of remedy issue, Judge Van Pelt states:

"The cases are legion which hold that a petitioner must exhaust his state court remedies before proceeding in federal court. This requirement of exhaustion is set forth in the statutory provision for habeas corpus. 28 U.S.C.A. § 2254(b). One exception to this rule of law is that a denial of a petitioner for a writ of habeas corpus, on the merits, is permissible even though state remedies may not have been exhausted. Commonwealth of Pa. ex rel. Craig v. Maroney, 348 F.2d 22, 33 (3 Cir.1965), reh. den. 352 F.2d 30, cer. den. 384 U.S. 1019, 86 S.Ct. 1966, 16 L.Ed.2d 1042; United States ex rel. Drew v. Myers, 327 F.2d 174, 183 (3 Cir.1964), cer. den. 379 U.S. 847, 85 S.Ct. 88, 13 L.Ed.2d 52. This court has considered all of the issues presented by the petitioner and has concluded that he is not entitled to the issuance of a writ of habeas corpus. Thus, it becomes unnecessary to decide whether the petitioner has in fact exhausted available state court remedies."

While additional issues were raised in the trial court, the principal issues relied upon by the defendant on this appeal are: (1) Defendant was arrested without probable cause and hence statements made by the defendant while in custody should be excluded as they were obtained as a result of violations of defendant's constitutional rights. (2) Ineffective assistance of counsel. (3) State incarceration for eight days prior to arraignment.

These issues were never properly raised, nor determined by the state court. The illegal arrest issue was raised for the first time on defendant's direct appeal to the state Supreme Court. Such issue was disposed of on the ground that the constitutionality of the arrest was not raised nor considered by the trial court and hence could not be considered upon appeal. The other two issues were not considered by the state court at any time. The third issue for reasons stated by Judge Van Pelt does not appear to raise a substantial constitutional issue.

Nebraska provides an adequate post conviction remedy. Case v. Nebraska, 381 U.S. 336, 85 S.Ct. 1486, 14 L.Ed.2d 422. It is entirely clear from the record before us that defendant has not pursued available state remedies with respect to the issues he is now raising.

■ Possibly in situations where the grounds of attack upon a state conviction clearly appear to be without possible merit, a disposition of a federal habeas corpus petition on the merits might be permissible. However, in situations where substantial issues are raised and an evidentiary hearing is required to solve the issues, the exhaustion of the state remedy requirement should not be bypassed.

■■ In United States ex rel. Drew v. Myers, 3 Cir., 327 F.2d 174, 183, one of the cases relied upon by the trial court, it is held that a federal court has jurisdiction to deny a writ on the merits although the state remedies have not been exhausted. The court goes on to say:

"Manifestly, 'it is not an indignity to state processes to assert that a claim of this sort [constitutional infringement] on its face or on a full record is clearly without merit.'

"But here, Drew's claim of constitutional infringement is not clearly without merit.

* * *

"Nothing in the record before us reveals that this issue was argued before, or decided by, any of the Pennsylvania state courts. Accordingly, comity dictates that the Pennsylvania state courts first have an opportunity to rule thereon.

"The judgment of the United States District Court for the Eastern District of Pennsylvania dismissing the amended petition of Alfred W. Drew for habeas corpus will be affirmed, not on the grounds set forth by the District Court, but on the grounds that there has been a failure to show an exhaustion of state remedies as set forth herein."

We believe the course followed in *Myers* should be followed here. Here, as in *Myers,* substantial issues are raised. There is a strong federal policy to the effect that federal courts should not unduly or prematurely interfere with state court proceedings and that state courts having adequate post conviction remedies should be afforded the first opportunity to pass upon constitutional attacks upon state convictions. Sigler v. Parker, 396 U.S. 482, 90 S.Ct. 667, 24 L.Ed.2d 672; Giles v. Maryland, 386 U.S. 66, 80–81, 87 S.Ct. 793, 17 L.Ed.2d 737; Barry v. Sigler, 8 Cir., 373 F.2d 835, 838. Such a policy minimizes state resentment against federal interference with state criminal convictions and in addition relieves federal courts of the burden of conducting hearings which properly should be handled by the state courts.

The trial court reached the right result in dismissing the petition but assigned a wrong reason for the dismissal. The record clearly shows defendant has failed to exhaust his state remedies.

■ We affirm the dismissal on the ground that there has been a total failure on the part of the defendant to show exhaustion of his available state remedies.