John HIZEL, Jr., Appellee,

v.

Maurice H. SIGLER, Warden of Nebraska Penal and Correctional Complex, Appellant.

No. 20115.

United States Court of Appeals, Eighth Circuit.

Sept. 1, 1970.

Melvin K. Kammerlohr, Asst. Atty. Gen., Lincoln, Neb., for appellant; Clarence A. H. Meyer, Atty. Gen., Lincoln, Neb., on the brief.

Bryce Bartu, of Blevens & Bartu, Seward, Neb., for appellee.

Before VOGEL, HEANEY and BRIGHT, Circuit Judges.

HEANEY, Circuit Judge.

This is an appeal from a decision of the United States District Court for the District of Nebraska granting the petitioner's application for a writ of habeas corpus.

Albert Hendren was killed by gunfire on October 11, 1964. A few hours after the killing, John Hizel, Jr., the petitioner, was identified as the suspect and was arrested. Shortly after his arrest and while in custody, he was questioned by law enforcement officers. During the course of the questioning, he made incriminating oral statements. He was not advised of his right to counsel nor told of his right to remain silent before he made the admissions.

The petitioner's admissions were used against him at his November, 1964, trial.[1] No objection to their use was made by him. He testified on his own behalf later in the trial and gave his explanation of the shooting. The basis of his defense was that he did not have the intent required for the offense charged—second degree murder. He was convicted of second degree murder and was sentenced to life imprisonment. His conviction was affirmed by the Nebraska Supreme Court. State v. Hizel, 179 Neb. 661, 139 N.W.2d 832 (1966). He brought a post conviction proceeding in Nebraska state courts asking that his conviction be set aside because his oral admissions to the law enforcement officers had been used against him at trial in violation of his

constitutional rights.[2] The state trial court denied the application for relief on the basis of the record of the original trial. The Nebraska Supreme Court affirmed the trial court's decision, State v. Hizel, 181 Neb. 680, 150 N.W.2d 217 (1967), on the grounds that (1) the petitioner's statements were voluntary in nature and were not the product of police interrogation, (2) no confession was offered against the petitioner at trial [3] and the admissions offered were consistent with the petitioner's testimony at trial, and (3) the petitioner made no objection to the admissions being received.

The petitioner next made application for habeas corpus relief to the United States District Court. That court conducted an evidentiary hearing. It found that the petitioner had exhausted his state remedies, that the petitioner's statements had been obtained through police interrogation and were inculpatory in nature, and that the petitioner had not been informed of his right to counsel or his right to remain silent before he was questioned. It held that the oral admissions were improperly used against him under the rationale of Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964). The court correctly noted that Miranda v. Arizona, 380 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), was not applicable because the petitioner's trial occurred before *Miranda* was decided. See, Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). The court cited Commonwealth of Pa. ex rel. Craig v. Maroney, 348 F.2d 22 (3rd Cir. 1965), cert. denied, 384 U.S. 1019, 86 S.Ct. 1966, 16 L.Ed.2d 1042 (1966); United States ex rel. Rivers v. Myers, 240 F.Supp. 39 (E.D.Pa.

1. The admissions in question consisted of: (1) a statement that a lighter found at the scene of the crime belonged to the petitioner; (2) a demonstration of how the shooting took place; (3) a statement as to where the murder weapon could be found; and (4) statements that the petitioner had committed the crime although he didn't mean to kill the deceased.

2. The petitioner also contended that: (1) the evidence was insufficient to allow the

jury to find the intent required by the crime, and (2) the state District Court erred in refusing to appoint counsel to assist him on appeal in the post conviction proceedings.

3. The admissions of the petitioner, as related by the police officers, clearly constitute a confession. *E. g.*, Ashcraft v. Tennessee, 327 U.S. 274, 66 S.Ct. 544, 90 L.Ed. 667 (1946); Reizenstein v. Sigler, 428 F.2d 702 (8th Cir. 1970).

1965), modified, 384 F.2d 737 (3rd Cir. 1967); and United States ex rel. Kemp v. Pate, 240 F.Supp. 696 (N.D.Ill.1965), aff'd, 359 F.2d 749 (7th Cir. 1966), cert. denied, Walker v. Pate, 385 U.S. 865, 87 S.Ct. 124, 17 L.Ed.2d 92 (1967), in support of its position. It ordered that the petitioner be released within ninety days unless within that period he had been re-tried and convicted in a trial free from constitutional infirmity.

The state argues on appeal: (1) that *Escobedo* is not applicable because the petitioner admittedly made no request for counsel and, alternatively, (2) that it was harmless error to receive the inculpatory statements in evidence as the petitioner took the stand and "admitted all of the matters which were testified to by the sheriff and deputy sheriffs concerning his previous oral admissions."

■ We conclude that the United States District Court erred in holding that *Escobedo* requires that the petitioner's admissions be excluded. We have consistently recognized the limiting language of *Escobedo* and have indicated that we would be hesitant to apply it to situations where the accused had not requested counsel. Connors v. State of South Dakota, 422 F.2d 122 (8th Cir. 1970); Cox v. United States, 373 F.2d 500 (8th Cir. 1967); Golliher v. United States, 362 F.2d 594 (8th Cir. 1966); Hayes v. United States, 347 F.2d 668 (8th Cir. 1965).[4] We said in *Connors* that *Escobedo* was not applicable to the facts of that case because:

" * * * Unlike *Escobedo*, there is no evidence to suggest that [the defend-ant] was prevented from conferring with an attorney. Nor does the evidence indicate that [the defendant] made repeated requests for an attorney during the disputed interrogation. * * * Furthermore, it is undisputed that [the defendant] in no way communicated to * * *, the officer, who conducted the interrogation which produced the incriminating statements now in dispute, his desire to confer with an attorney."

*Id.* 422 F.2d at 127–128.

■ This conclusion, however, does not end the matter. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), makes it clear that:

" * * * [A] defendant in a criminal case is deprived of due process of law if his conviction is founded, in whole or in part, upon an involuntary confession, without regard for the truth or falsity of the confession, [Citations omitted.] and even though there is ample evidence aside from the confession to support the conviction. [Citations omitted.] Equally clear is the defendant's constitutional right at some stage in the proceedings to object to the use of the confession and to have a fair hearing and a reliable determination on the issue of voluntariness, a determination uninfluenced by the truth or falsity of the confession."

*Id.* at 376–377, 84 S.Ct. at 1780.

Here, it is admitted that no determination was ever made by the trial court as

---

4. Accord, Schoepflin v. United States, 391 F.2d 390 (9th Cir. 1968); State of Texas v. Payton, 390 F.2d 261 (5th Cir. 1968). The cases cited by the District Court are not persuasive. The language relied on in Commonwealth of Pa. ex rel. Craig v. Maroney, 348 F.2d 22 (3rd Cir. 1965), cert. denied, 384 U.S. 1019, 86 S.Ct. 1966, 16 L.Ed.2d 1042 (1966), was merely dictum and was made in reliance on the decision in United States ex rel. Russo v. New Jersey, 351 F.2d 429 (3rd Cir. 1965), vacated, 384 U.S. 889, 86 S.Ct. 1914, 16 L.Ed.2d 995 (1966). This Court, in Con-nors v. State of South Dakota, 422 F.2d 122 (8th Cir. 1970), stated that this Circuit does not follow *Russo*. The District Court decisions in both United States ex rel. Rivers v. Myers, 240 F.Supp. 39 (E.D.Pa.1965), modified, 384 F.2d 737 (3rd Cir. 1967), and United States ex rel. Kemp v. Pate, 240 F.Supp. 696 (N.D.Ill. 1965), aff'd, 359 F.2d 749 (7th Cir. 1966), cert. denied, Walker v. Pate, 385 U.S. 865, 87 S.Ct. 124, 17 L.Ed.2d 92 (1967), were upheld in the respective Circuit Courts on the basis of the "totality of the circumstances" test of voluntariness.

to the voluntariness of the petitioner's admissions. However, it is also admitted that no request for a *Jackson-Denno* hearing was made, nor was any objection made to the introduction of the admissions. In our view, the trial court, in light of the testimony presented at trial, was obligated to hold a *Jackson-Denno* hearing to determine the voluntariness of the admissions, notwithstanding the failure of the defense counsel to make the appropriate motion or objection. United States ex rel. Gainer v. State of New Jersey, 278 F.Supp. 127 (D.N.J.1967). We think the correct rule of law is set out in United States v. Taylor, 374 F.2d 753 (7th Cir. 1967):

> "Certain alerting circumstances, such as a defendant's apparent abnormal or physical condition, obvious ignorance, or lack of awareness—all of which may reveal a dereliction in defense counsel's failure to object to the introduction of a confession—may, under due process standards, require a trial judge to investigate the necessity of conducting a hearing notwithstanding the absence of an objection."

*Id.* at 756. See also, United States v. Reid, 410 F.2d 1223 (7th Cir. 1969); United States ex rel. Gainer v. State of New Jersey, *supra*.[5] Here, the evidence adduced at trial indicated that the petitioner (1) suffers from chronic brain damage brought on by alcoholism, (2) is unable to read and can write only his last name, (3) has a mental age of eight to twelve years, (4) has a hearing impairment, (5) was under the influence of alcohol when interrogated, and (6) was not warned of his right to counsel or of his right to remain silent before being interrogated. In light of this rather substantial list of factors considered in "the totality of the circumstances" test of voluntariness,[6] we think that due process standards required the trial court, *sua sponte*, to investigate the necessity for conducting a *Jackson-Denno* hearing.

In any event, Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), teaches that a federal judge's discretion to deny relief to a habeas corpus applicant for a procedural default is a narrowly limited one and that the proper standard to be used is the "intentional relinquishment or abandonment of a known right or privilege" as set out in Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). The Court's decision in Fay v. Noia, *supra*, also makes it clear that the "intentional relinquishment or abandonment" must be the "considered choice of the petitioner" and that a decision by counsel without the participation of the petitioner does not automatically bar federal habeas corpus relief. These teachings have been followed by this Court in permitting a habeas corpus petitioner to attack the voluntariness of his confession and to obtain a *Jackson-Denno* hearing even though no trial objections were raised. State of Minnesota ex rel. Holscher v. Tahash, 364 F.2d

---

5. But see, *e. g.*, Garrison v. Patterson, 405 F.2d 696 (10th Cir. 1969); Evans v. United States, 377 F.2d 535 (5th Cir. 1967) (which apparently require that the trial judge be aware that the defense is questioning the voluntariness), and Moreno v. Beto, 415 F.2d 154 (5th Cir. 1969); Lundberg v. Buchkoe, 389 F.2d 154 (6th Cir. 1968) (which use language indicating that a trial court need not, *sua sponte*, investigate the necessity of a *Jackson-Denno* hearing).

6. See, *e. g.*, Davis v. North Carolina, 384 U.S. 737, 86 S.Ct. 1761, 16 L.Ed.2d 895 (1966); Haynes v. Washington, 373 U.S. 503, 83 S.Ct. 1336, 10 L.Ed.2d 513 (1963); Gallegos v. Colorado, 370 U.S. 49, 82 S.Ct. 1209, 8 L.Ed.2d 325 (1962); Columbe v. Connecticut, 367 U.S. 568, 81 S.Ct. 1860, 6 L.Ed.2d 1037 (1961); Blackburn v. Alabama, 361 U.S. 199, 80 S.Ct. 274, 4 L.Ed.2d 242 (1960); Reizenstein v. Sigler, *supra*; Parker v. Sigler, 413 F.2d 459 (8th Cir. 1969), rev'd on other grounds, 396 U.S. 482, 90 S.Ct. 667, 24 L.Ed.2d 672 (1970).

922 (8th Cir. 1966); Mitchell v. Stephens, 353 F.2d 129 (8th Cir. 1965), cert. denied, 384 U.S. 1019, 86 S.Ct. 1966, 16 L.Ed.2d 1042 (1966). See also, Black v. Beto, 382 F.2d 758 (5th Cir. 1967); Homan v. Sigler, 278 F.Supp. 201 (D.Neb. 1967). The record in this case is completely bare of any indication that the petitioner intentionally relinquished or abandoned his constitutional rights under Jackson v. Denno, *supra*.

■ The state argues that the petitioner waived his right to have the voluntariness of the statements determined by taking the stand in his own defense and testifying as to the substance of his admissions. We do not agree. The state's contention is totally inconsistent with the waiver standard enunciated in Fay v. Noia, *supra*, as previously discussed. Taking the stand to explain his statements after they had already been introduced into evidence is no indication of an "intentional relinquishment or abandonment of a known right or privilege."

We, thus, conclude that the petitioner is entitled to have the voluntariness of his statements determined by the standards and procedure set out in Jackson v. Denno, *supra*. Since the record indicates that the State of Nebraska has not yet made this determination, the case must be remanded to the state courts for a determination, consistent with the standards of Jackson v. Denno, *supra*, at 378 U.S. at 394–395, 84 S.Ct. 1774, as to the voluntariness of the petitioner's admissions. Sigler v. Parker, 396 U.S. 482, 90 S.Ct. 667, 24 L.Ed.2d 672 (1970); Reizenstein v. Sigler, 428 F.2d 702 (8th Cir. 1970).

We, therefore, remand the case to the District Court with directions to allow the state a reasonable time to afford the petitioner an appropriate hearing in the state court or a new trial, failing which the petitioner is entitled to his release.