Danny Douglas **HILL** and David Allen
Morgan, Defendants below,
Appellants,

v.

**STATE** of Delaware, Plaintiff below,
Appellee.

Supreme Court of Delaware.

Submitted April 25, 1975.

Decided Aug. 1, 1975.

Arlen B. Mekler, Asst. Public Defender,
Wilmington, for defendant-appellant Danny Douglas Hill.

L. Vincent Ramunno, Wilmington, for
defendant-appellant David Allen Morgan.

Richard R. Wier, Jr., Atty. Gen., for
plaintiff-appellee.

Before HERRMANN, Chief Justice,
DUFFY, Justice, and QUILLEN, Chancellor.

DUFFY, Justice:

In this appeal from convictions for kidnapping and rape we remanded for a determination by the Trial Judge of the
trustworthiness, including voluntariness, of
certain out-of-court statements made by
each defendant which were used at trial by
the State for impeachment purposes. 316
A.2d 557 (1974). The Trial Judge thereafter determined that the statements were
trustworthy and voluntarily made.

Defendant Morgan makes three arguments which we consider *seriatim:*

■ (1) This Court should have ordered a new trial, not a limited hearing on the narrow issue of trustworthiness: Under settled case law a defendant whose confession was admitted into evidence against him is entitled only to such a limited hearing; he is not entitled to a new trial. *Sigler v. Parker,* 396 U.S. 482, 90 S.Ct. 667, 24 L.Ed.2d 672 (1970); *Sims v. Georgia,* 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593 (1967); *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964); *State v. Winsett,* Del.Super., 230 A.2d 777 (1967), 238 A.2d 821 (1968). *A fortiori,* when a statement is not admitted into evidence but the contents thereof are used only for impeachment purposes, a defendant who gave the statement is entitled to no more than a post-trial hearing and determination of trustworthiness.

(2) The issue of voluntariness should have been submitted to the jury: This argument, as we understand it, is based not on the Trial Judge's determination of voluntariness after remand but upon what was done at trial. Failure to charge on the voluntariness issue was not argued in this Court prior to remand (see 316 A.2d 557 for all arguments made) and it therefore might be regarded as waived. We have, however, examined the briefs and the transcript and we rule on the merits of the contention.

■ Under settled Delaware law, cf. *Williams v. State,* Del.Supr., 206 A.2d 501 (1964); *Wilson v. State,* Del.Supr., 10 Terry 37, 109 A.2d 381 (1954), a defendant has the right to have a voluntariness issue submitted to the jury under appropriate instructions. Both the right and the practice are derived from Delaware case law governing trial procedures, cf. *Wilson v. State,* supra, not from constitutional mandate. Submission of such question to the jury presupposes, of course, that there is a jury "issue" as to voluntariness. A common way in which the voluntariness of a statement is put into issue is by *voir dire* before the jury during which both the State and defendant offer evidence on the point. *Wilson v. State,* supra. A defendant may testify during *voir dire* on that narrow issue without waiver of right not to testify generally. In addition, a defendant may raise the issue of voluntariness before the jury (by cross-examination and argument, for example) even though he does not testify himself. *Weekley v. State,* Del.Supr., 222 A.2d 781 (1966). The procedure as to jury submission is obviously for defendant's benefit and, for tactical or other reasons, he may waive it.

■ Here, after defendant testified on *voir dire* in the absence of the jury, the Trial Judge stated that he would ". . . submit the issue of voluntariness to the jury under *State versus Wilson,* if requested by counsel." Thereafter the Court again referred to *Wilson,* and the transcript shows the response of counsel to be as follows:

"Mr. Wise: I am not requesting a voir dire in front of the jury."

Clearly, then, as the Court observed in *Wilson,* the voluntary nature of the statement was not really in issue when the case went to the jury. In brief, defendant did not create such an issue by *voir dire* before the jury, by cross-examination of the State's witness before the jury or by argument to it. Defendant did take exception to the Court's failure to submit the voluntariness issue to the jury but that was meaningless because he had failed to make an issue for a jury judgment.

Under the circumstances, the Court's general instruction to the jury on its duty to judge credibility adequately covered this matter.

(3) The evidence is not sufficient to support the finding of trustworthiness: We have reviewed the finding by the Trial Judge and it is fully supported by the record.

\* \* \*

The judgment of the Superior Court is affirmed.