STATE of Missouri, Respondent,

v.

Dan Westley GRAY, Appellant.

Nos. 52502, 49313.

Supreme Court of Missouri,
Division 3.

Oct. 25, 1968.

---◆---

Norman H. Anderson, Atty. Gen., Gerald L. Birnbaum, Asst. Atty. Gen., Jefferson City, for respondent.

Raymond A. Klemp, Caruthersville, Court appointed for appellant.

J. DONALD MURPHY, Special Judge.

Appellant Dan Westley Gray was found guilty of murder in the second degree in the Circuit Court of New Madrid County on September 21, 1961, and sentenced to confinement for sixty years. He was represented by counsel of his own choice.

The undisputed facts are that the appellant shot and killed one Cleatus Phillips, a deputy sheriff, while the latter was attempting to arrest him pursuant to a warrant. The conviction was affirmed by Division One of this Court on October 8, 1962 (State v. Gray, Mo., 360 S.W.2d 642), in an opinion wherein the facts are succinctly and accurately stated. Details of the homicide not necessary to a determination of the issues here raised will not be restated.

Because appellant, an indigent, was not represented by counsel on his appeal, this Court, on motion of the Attorney General, in conformity with the rulings in Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811; Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L. Ed.2d 33; and Swenson v. Donnell, 8 Cir., 382 F.2d 248; and in compliance with memorandum and order dated August 11, 1967, in Gray v. Swenson, W.D.Mo., 271 F.Supp. 912 (1967), set aside the affirmance, reinstated the cause on the docket, ordered the trial court to appoint counsel to represent appellant on appeal and set the case for hearing at a special session of this Court in Division Three.

We have consolidated for hearing with this direct appeal an appeal from an adverse ruling by the trial court in a proceeding under Supreme Court Rule 27.26, V.A.M.R. in which the appellant makes the same allegations of error as those allegedly occurring in the trial. Appointed counsel and the respondent have filed briefs and made oral arguments. We shall here rule in one opinion the identical issues raised in the consolidated cases.

■ Appellant claims, first, that the trial court erred in refusing to sustain a motion to deny Hal E. Hunter, Jr. the right to represent the prosecution in the trial because Hunter was acting both as assistant prosecuting attorney and clerk of the magistrate court when he signed the information as assistant prosecuting attorney. (Hunter resigned as magistrate clerk one week before the trial in circuit court.) Section 476.290[1] provides that no clerk while he continues to act as such shall plead, practice or act as counselor or attorney in any court within the county for which he is such clerk.

This allegation of error was fully considered in the prior opinion and ruled adversely to the appellant. We conclude upon full reconsideration that the prior ruling was correct and we specifically adopt the prior holding as part of this opinion.

■ Appellant also contends that the trial court erred in overruling his oral motion to strike and quash the information— filed after the jury was impaneled and two witnesses had testified—because the information was filed by Hunter in violation of Section 476.300, which provides that any suit commenced or paper filed in violation of Section 476.290 shall, on motion, be dismissed or stricken from the record. Our prior opinion held that the point was not preserved in the motion for new trial and was therefore not before us on appeal. We

1. Statutory references are to RSMo 1959, V.A.M.S.

adhere to that ruling. We add that the ruling on the oral motion to strike does not raise an issue of constitutional proportions under Rule 27.26(b) (3) or of "plain error" under Rule 27.20(c).

Appellant further claims his conviction violated Fourteenth Amendment due process of law because an inculpatory statement made by the appellant after his arrest and used by the prosecution for impeachment purposes *without objection* by the appellant, was not voluntarily made because (1) the statement was coerced and (2) the statement was given while the appellant was without the assistance of counsel.

Appellant did not so contend at the trial. The record shows that the first reference to any statement by the appellant was made by the appellant himself on direct examination. He testified that after his arrest he answered a series of questions asked by the highway patrolmen. He did not, however, testify at that time to the contents of any written statement or to any oral questions and answers. Thereafter, on cross-examination, the prosecuting attorney asked the appellant if he had made the answers to the questions contained in a document which was marked as an exhibit but never introduced in evidence. This document consisted of three hundred sixty-four questions and answers. No predicate was laid for its use. In response to almost every question the appellant said he made the answers and that they were true. Often he added explanatory comment. At no time during the trial did the appellant assert that he was physically or mentally abused or coerced or that the statement was other than voluntary. There was no objection by appellant's counsel either to the procedure used by the prosecuting attorney or to the contents of the statement. There was no request for a hearing out of the presence of the jury to determine the voluntariness of the statement. On the contrary, the following colloquy appears in the record:

(Questions by Mr. Hunter, Answers by Appellant)

"Q. Trooper Thomas said (reading) 'Do you want to say anything else that you may have left out?' And your answer was (reading) 'No, sir.' Is that right?

A. That's right.

Q. Now, D. I call your attention to page 2 of this statement.

MR. WELKER: I'll agree if you want that we'll read the whole statement from start to finish.

Mr. Hunter, Jr.: I would like to conduct my cross-examination in my own manner.

THE COURT: You may proceed."

On redirect examination appellant answered in the affirmative when asked if his answers contained in the statement were the same as his testimony. Additional questions and answers presumably considered favorable to appellant were read from the statement by defense counsel and appellant testified he made the answers and they were true. Appellant's testimony at the trial did not vary in any relevant detail from those portions of the statement read to the jury.

Near the end of the redirect examination of appellant the following appears:

"Q. Are you willing that this whole record in this statement that you made up there at Sikeston be given to the jury?

A. Yes, sir.

MR. HUNTER, Jr.: I object to that for the very reason he has nothing to say about it. The State will introduce it at its own time and it's the State's exhibit.

THE COURT: That's right. His counsel said yesterday that he was perfectly willing the whole thing be read.

MR. HUNTER, JR.: Yes, sir, and it shall be done."

Appellant questioned the voluntary nature of his statement for the first time in

his motion under Rule 27.26 filed on April 26, 1965. At the hearing of the motion on July 2, 1966, appellant testified that he had asked for and been denied opportunity to have counsel; that he was told that his wife, father, mother, brother "and a few more friends" were in jail and would be released as soon as he made a written statement; that he requested and was denied an opportunity to make a telephone call to his sister in St. Louis for the purpose of retaining the services of a lawyer; that he was not advised that anything he said could be used against him or that he could make a telephone call to his family or that he had a right to counsel. Appellant also testified that he was told by the highway patrolmen that his statement would not be used against him. The prosecution elected not to offer any evidence at the 27.26 hearing.

■ We hold on this record that the appellant understandingly and intelligently waived his right to have a preliminary determination by the Court as to voluntariness by his failure to object to the use of the statement and by expressly offering to agree and agreeing that the statement be read to the jury in its entirety. See State v. Meiers, Mo., 412 S.W.2d 478, 481; Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed. 2d 837; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; Henry v. State of Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408. The offer of defense counsel to "read the whole statement from start to finish" and the explicit willingness of the appellant that "this whole record in this statement" be "given to the jury" constitute an unequivocal waiver. We have here the anomalous situation of the defendant and the prosecution vying for the privilege of introducing the document in evidence.

This Court said in State v. Meiers, Mo., 412 S.W.2d 478, l. c. 481: "Our rule is that constitutional questions must be raised in the trial court at the earliest opportunity consistent with orderly procedure; they may not be raised for the first time in the appellate court. The defendant in a criminal case, if he proposes to raise a question pertaining to the violation of such right, must object to the introduction of his confession or admission, clearly and specifically stating his constitutional grounds for the objection; otherwise, the introduction of his confession or admission will not be sufficient basis for an assignment of error in his motion for new trial. * * * In other words, his constitutional grounds for objection must be kept alive and preserved throughout the case. (citing cases) To abandon these rules would be to invite a defendant to sit back, elect not to object to his constitutionally inadmissible confession or admission, take his chances that the verdict might be acquittal; then, if the verdict is adverse, raise the question of denial of constitutional rights for the first time on appeal with some assurance that the case would be remanded. Only by adhering to these rules and decisions may we prevent such tactics." In the instant case the appellant not only failed to preserve his constitutional grounds for objection but he affirmatively waived them. See Johnson v. Zerbst, supra. We conclude, in the language of Fay v. Noia, supra, that appellant "after consultation with competent counsel * * * understandingly and knowingly forewent the privilege of seeking to vindicate his federal claims in the state courts, * * *." This is not a situation where counsel for the accused without his client's assent attempted to waive a known right of his client, Brookhart v. Janis, 384 U.S. 1, 86 S.Ct. 1245, 16 L.Ed.2d 314 (1966). Rather it is a situation where the client actively and knowingly participated in counsel's decision.

■ Appellant in his brief makes reference to Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) and Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) and asserts in effect that he could not knowingly waive the constitutional rights enunciated in those cases because he

was unaware of their existence. A short answer to this argument is that neither case is controlling. They were rendered long after the date of appellant's trial (September 20, 1961) and apply only prospectively. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).

 Implicit in appellant's argument is the suggestion that the trial court had an affirmative duty under the circumstances to make a determination of voluntariness before permitting any part of the alleged confession to be read before the jury. We disagree. The court had no such mandatory duty. State v. Tucker, Mo., 362 S.W. 2d 509; State v. Malone, Mo., 301 S.W.2d 750; State v. Holliday, 353 Mo. 397, 182 S. W.2d 553; United States v. Armetta, 2 Cir., 378 F.2d 658. The judge had every reason to suppose that the appellant and his counsel were entirely agreeable that the contents of the statement be read to the jury. He could have reasonably thought that a question of trial tactics was involved.

We find nothing in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, which defines the right of an accused to effective exclusion of his involuntary confession, in conflict with what we say here. Denno has been construed as holding "that a defendant's constitutional rights are violated when his *challenged* confession is introduced without a determination by the trial judge of its voluntariness after an adequate hearing." Pinto v. Pierce, 389 U. S. 31, 88 S.Ct. 192, 19 L.Ed.2d 31 (1967).

The trial court at the conclusion of the 27.26 hearing found, among other findings, that the appellant "failed to show any abuse of his constitutional rights" and that "ample opportunity was given the defendant to object at the trial to any reference to his statements." We construe these findings to be a determination of voluntary waiver on the part of the appellant, and conclude from an examination of the records of the original trial and of the 27.26 hearing that

the findings are fully supported by the evidence.

Our ruling on the issue of waiver is dispositive of the case and we do not, therefore, reach the issue of voluntariness.

We have examined those matters required by Supreme Court Rule 28.02 to be reviewed and find no prejudicial error. We adopt our opinion on the first appeal (360 S.W.2d 642) with respect to appellant's contentions not specifically covered above.

The judgment in the original trial and the judgment of the trial court overruling the motion filed under the provisions of Rule 27.26 are affirmed.

EAGER, P. J., and KEET, Special Judge, concur.