**Dan Westley GRAY, Appellant,**

v.

**Harold R. SWENSON, Appellee.**

**No. 20084.**

United States Court of Appeals,
Eighth Circuit.

Aug. 5, 1970.

Rehearing Denied Sept. 15, 1970.

John E. Besser, Kansas City, Mo., for appellant; Alan L. Atterbury, and W. Anthony Feiock, Kansas City, Mo., on the brief.

Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, Mo., for appellee; John C. Danforth, Atty. Gen., Jefferson City, Mo., on the brief.

Before VAN OOSTERHOUT, ME-HAFFY and LAY, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

This is an appeal by Dan Westley Gray from order entered by the trial court on petition for writ of habeas corpus reading as follows:

"For the reasons stated, it is

"Ordered that petitioner be released from his present confinement in the Missouri Department of Corrections and be permanently discharged from custody at the end of ninety (90) days from the date of this order, unless within that time he has been afforded an appropriate plenary evidentiary hearing in the State trial court in accordance with the standards articulated in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), on the issue of the voluntariness of the three hundred and sixty-four question and answer statement used in his original trial, or, in the alternative, to grant petitioner a new trial. It is further

"Ordered that such hearing shall be conducted and an appropriate order entered within the ninety (90) day period in full compliance with the requirements of Missouri Supreme Court Rule 27.26 [V.A.M.R.], as that rule has been construed by the Supreme Court of Missouri. It is further

"Ordered that nothing stated in this opinion or order of this Court shall be construed as any limitation on petitioner's right to file and the State trial court's duty to hear any new Missouri Supreme Court 27.26 motion which petitioner may wish to file in

conjunction with the Jackson v. Denno hearing first ordered. It is further

"Ordered that this Court retain jurisdiction of this cause pending further developments. The Office of the Attorney General shall keep this Court advised of any and all action taken by the State of Missouri in connection with this Order and shall, if necessary, make appropriate application for any extension of the ninety (90) day period of time above provided before the expiration of said period. No extension will be granted except for good cause shown which shall be stated with particularity in any application filed."

Before reaching the issues raised by Gray, we shall consider the State's contention that the judgment just set out is not a final judgment and hence not appealable.

Jurisdiction on appeal is based on 28 U.S.C.A. § 1291 which permits appeals from final judgment of the district court. It is the duty of this court to satisfy itself that jurisdiction exists. As pointed out in Stewart v. Bishop, 8 Cir., 403 F.2d 674, habeas corpus is a civil remedy and appeals lie only from the final judgment on all claims absent an appropriate order pursuant to Rule 54(b), Fed.R.Civ.P., or 28 U.S.C.A. § 1292(b). A final decision is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. In *Stewart*, petitioner made five constitutional attacks upon his conviction (p. 676 of 403 F.2d). The order appealed from disposed of only the Jackson v. Denno, 378 U.S. 368, issue. While the court in a letter to counsel stated it was ruling adversely to petitioner on all issues except the Jackson v. Denno issue, the judgment entered did not so provide, the order stating that a memorandum will subsequently be filed.

Here, unlike the situation in Stewart v. Bishop, the court filed a memorandum opinion including thirty-two issues of fact and determined that Gray had not been afforded an evidentiary hearing on the voluntariness of his confession and that defendant be released unless the state affords a hearing meeting Jackson v. Denno standards within the time specified. The order on its face purports to dispose of all issues raised by the habeas corpus petition.

Moreover, the remedy adopted by the trial court conforms to the teaching of the Supreme Court in Sigler v. Parker, 396 U.S. 482, 484, 90 S.Ct. 667, 669, 24 L.Ed.2d 672, the Court there stating:

"However, as indicated in our opinion in Jackson v. Denno, *supra,* 378 U.S. at 391–396, 84 S.Ct. 1774, the appropriate remedy when a federal court finds a Jackson v. Denno error in a prior state proceeding is to allow the State a reasonable time to make an error-free determination on the voluntariness of the confession at issue. Hence it was error for the Court of Appeals to pass judgment on the voluntariness of respondent's confessions without first permitting a Nebraska court to make such an evaluation uninfluenced by the apparent finding of voluntariness at the 1956 trial."

See Reizenstein v. Sigler, 8 Cir., 428 F. 2d 702 (June 30, 1970.)

We hold the order appealed from constitutes a final judgment from which an appeal lies.

We now consider Gray's appeal. Gray was found guilty in the state court by a jury on September 21, 1961, on a charge of second degree murder. He was sentenced to sixty-years imprisonment. His conviction was affirmed, State v. Gray, Mo., 360 S.W.2d 642. The federal district court on a prior habeas corpus petition filed by Gray by its order determined that Gray on his direct state appeal had been deprived of his constitutional right to counsel upon appeal on the basis of Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811. See Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33. Issuance of the writ was stayed to permit the state a reasonable time to afford Gray a new direct appeal with the benefit of repre-

sentation by counsel. Pursuant to such order, the State Supreme Court vacated the judgment entered upon the first direct appeal and granted Gray a new appellate hearing and made provision for Gray's representation by counsel. The hearing upon the direct appeal was consolidated with an appeal from an order denying relief entered on a post conviction attack under Missouri Rule 27.26 made in the state trial court on the voluntariness of statements made by defendant after his arrest. Gray was represented by appointed counsel on the consolidated appeals. The conviction was affirmed and the order denying post conviction relief was likewise affirmed. State v. Gray, 432 S.W.2d 593. In said opinion, the court refers to the Jackson v. Denno rule but does not reach such issue for the stated reason that the court determined Gray had waived any right to challenge the voluntariness of his confession.

The complex history of this litigation is fairly set out in considerable detail in the trial court's opinion reported at 302 F.Supp. 1162, and in the two reported opinions of the Missouri Supreme Court hereinabove referred to. The grounds for habeas corpus relief asserted in Gray's present petition are thus stated:

"(a) Petitioner denied equal protection of the law contrary to the Fourteenth Amendment, because the State Supreme Court failed to afford him the right of a proper direct trial Court appeal consistent with the order of the United States District Court in Gray v. Swenson, 271 F.Supp. 912 (67).

"(b) Petitioner denied equal protection of the law contrary to the Fourteenth Amendment, because the State Supreme Court failed to make an effective appointment of counsel for the Consolidated appeals on the direct and collateral consistent with the order of the United States District Court in Gray v. Swenson, 271 F.Supp. 912 (67).

"(c) Petitioner denied due process of the law because the State has failed to afford an effective State Court remedy whereby relief may be obtained on an illegal conviction where the prosecuting attorney was acting as a Magistrate Court Clerk when he filed the information, Etc."

The State has consistently and candidly admitted that Gray did not have effective assistance of counsel on his second direct appeal where his conviction was affirmed by opinion reported at 432 S.W.2d 593.[1]

Gray relies upon the following errors for reversal: (1) The condition upon which the writ was stayed in the prior federal habeas corpus proceeding was not fulfilled and hence the writ of habeas corpus should issue directing Gray's immediate release from custody. (2) If a Jackson v. Denno hearing is required, findings should be made upon the basis of the record made in the prior Rule 27.26 hearing and additional evidence should not be received. (3) The court erred in failing to uphold Gray's contention that the state court lacked jurisdiction because the information upon which he was tried was void because it was signed by Hunter as prosecuting attorney while he held the position of clerk of the Magistrate Court in violation of §§ 476.290 and 476.300, V.A.M.S.

Section 2254 requires a state prisoner to exhaust available state remedies before resorting to federal habeas corpus. Subsection (c) provides:

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has

---

1. Counsel for the state in suggestions filed in the trial court states: "Respondent would be lacking in credibility and candor before this court and amiss in the fulfillment of his professional obligation to attempt to contend that petitioner was the recipient of effective assistance of counsel under the facts and circumstances presented. For that reason, respondent's suggestions will be limited to a discussion of the appropriate form of relief which will dispose of the matter as law and justice require. * * *"

the right under the law of the State to raise, by any available procedure, the question presented."

Gray has not attacked the validity of the affirmance by the state court on his second appeal in the state court. We have considerable doubt whether it can properly be said that he has no available state remedy. We are firmly of the view that the exhaustion of state remedy rules should ordinarily be strictly adhered to. We believe that in the case before us the federal court by reason of its earlier order directing a new appeal acquired jurisdiction to determine whether its prior order had been complied with. The evidence on this issue blended with that on the issue of whether effective counsel was afforded upon such appeal. Since this litigation has been prolonged and since the state court has upon motion of the state Attorney General issued an order which goes at least as far as the order appealed from, we will pursue the exhaustion of remedy issue no further but will dispose of the issues relied upon for reversal on the merits.

Subsequent to the trial court's decision in this case, the Attorney General, in compliance with the court's request to be kept advised as to the state proceedings, filed a certified copy of an order of the Supreme Court of Missouri entered on the motion of the Attorney General. This order reads:

"The motion of the Attorney General's office to vacate judgment filed herein August 8, 1969, is sustained and in accordance with the relief sought in said motion, it is ordered,

"1. That the judgment of this Court entered October 25, 1968, in the above entitled causes affirming appellant's conviction and affirming the order of the Circuit Court of New Madrid County overruling appellant's motion to vacate judgment under Rule 27.26 be set aside and for naught held and that said causes be reinstated on the docket of this court;

"2. That the mandate of this court issued November 12, 1968, and mailed to the Circuit Court of New Madrid County be recalled;

"3. That the Circuit Court of New Madrid County, shall, on notice, conduct a plenary evidentiary hearing, with defendant present and with both sides having the right to present evidence, in accordance with the standards set forth in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, on the issue of whether the question and answer statement of defendant referred to in evidence in the original trial was or was not voluntary and shall make express findings of fact and law as to said issue; that said court shall cause to be transcribed and forwarded to this court a full transcript of such proceedings, which shall become a part of the record on appeal herein, and the causes will then be set for hearing at an appropriate session of this court.

"The court appoints the Honorable David E. Blanton, of Sikeston, of the Scott County Bar, as counsel for appellant in the Circuit Court of New Madrid County and in this court."

■ We shall briefly consider the errors relied upon by Gray for a reversal. Upon the first issue, we believe the trial court properly determined that the State had complied with the requirements of its prior order for a new direct appeal. Such appeal was promptly given Gray as reflected by the opinion of the Supreme Court of Missouri reported at 432 S.W. 2d 593.

The trial court properly determined that it was not the action of any state official which deprived Gray of his right to effective counsel upon the appeal but rather the action of his attorney. As stated in United States ex rel. Waldron v. Pate, 7 Cir., 380 F.2d 94, 96:

"We perceive no basis for an assumption that the court's review of the record for trial error encompassed consideration of the collateral issue of competency of appellant counsel and that the court's affirmance constituted an implied and *sub silentio* adjudica-

tion of that issue unfavorable to the petitioner."

The trial court determined, on the basis of supporting authorities cited at footnote 2, as follows:

"Neither law nor justice require this Court to grant petitioner more relief than that which he could have possibly obtained had he been properly represented in connection with either of his two direct appeals in the Supreme Court of Missouri." 302 F. Supp. 1162, 1165.

 Gray's second or alternate point to the effect that the Jackson v. Denno issue be determined upon the basis of the record previously made in the state court on the previous post conviction motion lacks merit. Jackson v. Denno clearly requires a full-scale evidentiary hearing in the state court to determine the issue of voluntariness of the confession. Among statements to such effect there made is the following:

"These procedures must, therefore, be fully adequate to insure a reliable and clear-cut determination of the voluntariness of the confession, including the resolution of disputed facts upon which the voluntariness issue may depend. In our view, the New York procedure falls short of satisfying these constitutional requirements." 378 U.S. 368, 391, 84 S.Ct. 1774, 1788. See Sigler v. Parker, supra.

The third error asserted raising the point that the court lacked jurisdiction because the prosecutor who signed the information also served as a clerk of a magistrate court raises a question of Missouri law, not a federal constitutional issue. The order of the trial court as implemented by the order of the Missouri Supreme Court affords Gray ample opportunity to raise this issue upon the newly granted direct appeal from his conviction.

It is apparent from the order of the trial court and the order of the Missouri Supreme Court, both of which are hereinabove set out, that Gray was afforded a fair opportunity to have the validity of his confession determined by Jackson v. Denno standards and to be heard upon any issue that he desires to raise upon the reopened direct appeal. Gray has failed to demonstrate that the trial court committed any error in issuing the order appealed from.

The judgment is affirmed.