**Joseph James BLAKE, Petitioner-Appellee,**

**v.**

**Walter D. ZANT, Warden, Georgia Diagnostic Center, Respondent-Appellant.**

**No. 81–7417.**

United States Court of Appeals, Eleventh Circuit.

July 13, 1984.

Susan V. Boleyn, Asst. Atty. Gen., Atlanta, Ga., for respondent-appellant.

Millard Farmer, Joseph Nursey, Andrea Young, Millard C. Farmer, Pamela L.J. Arangno, Atlanta, Ga., for petitioner-appellee.

Before TJOFLAT and CLARK, Circuit Judges, and TUTTLE, Senior Circuit Judge.

TJOFLAT, Circuit Judge:

On February 14, 1976, Joseph James Blake was convicted after a jury trial in Chatham County, Georgia, of the murder of Tiffany Lowery, the two-year-old daughter of Blake's girlfriend. He was sentenced to death. After pursuing various state remedies,[1] Blake sought federal habeas corpus relief in the district court. There, Blake claimed, *inter alia,* that he was denied effective assistance of counsel in the guilt phase of his trial, because his lawyer failed to develop or present his insanity defense, and in the sentencing phase because his lawyer failed to present possible mitigating circumstances. The district court granted the writ of habeas corpus on both of these claims and did not decide the other claims Blake raised. The state now attempts to appeal the grant of the writ. Because the district court's order did not dispose of all claims presented, and thus does not constitute an appealable final judgment, we must dismiss this appeal for want of jurisdiction.

## I.

This court has jurisdiction to entertain appeals only of final decisions and certain specified interlocutory decisions of a district court. *See* 28 U.S.C. § 1291, 1292 (1982). Where it appears that we have no jurisdiction over an appeal, we raise that issue sua sponte.

In this case the district court granted Blake a writ of habeas corpus on the basis of two of the claims stated in his petition. The court expressed no opinion regarding the remainder of the claims. Rather, the court listed the claims presented in Blake's habeas petition and stated: "Because the Court finds petitioner's second and third arguments with respect to ineffective assistance of counsel determinative, *only these issues will be considered below.*" (Emphasis added.) *Blake v. Zant,* 513 F.Supp. 772, 778 (S.D.Ga.1981). The court also described its approach: "numerous arguments have been raised by petitioner, but the Court *will review only two in detail here....* For reasons discussed below, the Court finds that both of these arguments must be sustained. Therefore, petitioner's conviction and sentence of death will be vacated."[2] (Emphasis added.) *Id.* at 776.

---

1. For a more detailed account of the facts of this case and the various state and federal remedies Blake pursued, see *Blake v. Zant,* 513 F.Supp. 772 (S.D.Ga.1981).

2. In contrast, the district court's language in two other decisions handed down simultaneously with, and attached to, this decision, clearly dispose of all the claims involved. One order, in

Were we to reject the two issues claims on the basis of which the district court granted the writ, we would be forced to remand the case to the district court for a determination of the other claims. If the district court then decided less than all of the remaining claims in that round, petitioner's single habeas petition could spend many years in the federal court system undergoing piecemeal adjudication. It is such a result that rules limiting appellate review largely to final judgments were designed to prevent.[3]

Because the Federal Rules of Civil Procedure do not always apply to habeas proceedings, we will first discuss the appealability of the district court's order as a final judgment in the context of Fed.R.Civ.P. 54(b) and 81(a)(2), and under section 1291. Second, we will turn to the appealability of the district court's order as an interlocutory order granting an injunction under section 1292(a)(1).

### A.

A final decision, for the purposes of section 1291, is generally one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). Fed.R.Civ.P. 54(b) provides that in cases with multiple claims, in the absence of an express determination by the district court that there is no just reason for delay and an express direction for the entry of judgment on one claim, "any order ... however designated, which adjudicates fewer than all the claims ... shall not terminate the action ... [and] is subject to revision at any time before the entry of judgment adjudicating all the claims...." This rule merely expresses the long-standing policy of the federal courts to prohibit

piecemeal litigation of claims. Fed.Rules Civ.Proc. Rule 54, 28 U.S.C.A., Notes of Advisory Committee on Rules to 1946 and 1961 Amendments. *See Hohorst v. Hamburg-American Packet Co.*, 148 U.S. 262, 264–5, 13 S.Ct. 590, 590–91, 37 L.Ed. 443 (1893).

Fed.R.Civ.P. 81(a)(2) provides, "These rules are applicable to proceedings for ... habeas corpus ... to the extent that the practice in such proceedings is not set forth in [U.S.] statutes ... and has heretofore conformed to the practice in civil actions." 28 U.S.C. fol. § 2254 Rules Governing Section 2254 cases in the District Courts, Rule 11, provides that the Federal Rules of Civil Procedure, "to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to [habeas corpus] petitions." Certain provisions of the Federal Rules have been determined to be inapplicable to habeas corpus actions under these rules. *See Harris v. Nelson*, 394 U.S. 286, 89 S.Ct. 1082, 22 L.Ed.2d 281 (1969) (finding Fed.R.Civ.P. 33 not to govern discovery in habeas actions); *Pitchess v. Davis*, 421 U.S. 482, 95 S.Ct. 1748, 44 L.Ed.2d 317 (1975) (finding Fed.R.Civ.P. 60(b) not to apply to habeas actions when it would alter the 28 U.S.C. § 2254 exhaustion requirement).

The task before us, then, is to determine whether either rule 54(b), or the policy expressed therein, is appropriately applied to this habeas appeal. The Seventh and Eighth Circuits have addressed this issue. *See United States ex rel. Stachulak v. Coughlin*, 520 F.2d 931 (7th Cir.1975) (finding rule 54(b) inapplicable where habeas claim was joined with non-habeas civil rights claim, and habeas claim was finally determined); *Gray v. Swenson*, 430 F.2d 9 (8th Cir.1970) (stating that rule 54(b) applies to prohibit appeals where fewer than

---

*Burger v. Zant*, 513 F.Supp. 772, stated "the Court finds merit *only* in [one claim, and] Petitioner's sentence will therefore be vacated." *Blake v. Zant*, 513 F.Supp. 772, 787–8 (S.D.Ga. 1981). The other, in *Moore v. Balkcom*, 513 F.Supp. 772, stated, "All matters properly before the Court are considered below.... After this review, the Court sees merit in only one...."

*Blake v. Zant*, 513 F.Supp. 722, 803 (S.D.Ga. 1981).

**3.** See generally *Federal Civil Appellate Jurisdiction: An Interlocutory Restatement*, 47–2 Law & Contemp. Probs. 13 (1984) for an extensive analysis of current federal interlocutory appeals policy and practice.

all habeas claims are finally determined by district court, but finding all claims to have been decided in that case); *Stewart v. Bishop*, 403 F.2d 674 (8th Cir.1968) (dismissing habeas appeal for lack of jurisdiction pursuant to rule 54(b) where district court only ruled on one of five habeas claims, though it stated in an accompanying letter that the remaining four claims were meritless).

■ We find the *Stewart* analysis to be persuasive in this case. Application of rule 54(b) to require that all claims presented in the habeas petition be finally determined before an appeal may lie will vindicate long-standing policies against piecemeal litigation and will not conflict with any habeas statute, rule, or policy. To the contrary, the habeas policy the *Stachulak* court found to militate against applying rule 54(b) to joined habeas and non-habeas claims, that of providing a "prompt and efficacious remedy for whatever society deems to be intolerable restraints," *Fay v. Noia*, 372 U.S. 391, 401–02, 83 S.Ct. 822, 829, 9 L.Ed.2d 837 (1963), supports our decision where only habeas claims are at issue. The habeas petitioner receives a more prompt and efficacious remedy when all his claims of unconstitutional confinement are judged at once. While the district judge may save a few weeks by ruling on only one or two claims he considers determinative, the habeas petitioner stands to lose years if the district court's decision on those claims is reversed and the petitioner ultimately prevails on a different claim. Because it is appropriate to apply rule 54(b) and the policy against piecemeal litigation it represents to this case, we have no final judgment here to give us jurisdiction to review the claim under section 1291. *See also Collins v. Miller*, 252 U.S. 364, 40 S.Ct. 347, 64 L.Ed. 616 (1920) (dismissing habeas corpus appeal for want of jurisdiction where writ was denied on one issue and remanded to magistrate for proceedings on other issues).

**B.**

It is possible that we might have jurisdiction to review the order granting the writ under 28 U.S.C. § 1292(a)(1). That section provides: "[T]he courts of appeals shall have jurisdiction of appeals from: (1) Interlocutory orders of the district courts ... or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions ... except where a direct review may be had in the Supreme Court[.]" It is arguable (1) that if this order is not a final order it is interlocutory, and (2) that it is akin to an order granting injunctive relief.

■ We do not believe that an order granting the writ of habeas corpus should be reviewable as an interlocutory injunction. The facts of this case are anomalous; the district court's order is not interlocutory in the sense that the judge intended it to take effect while he considered other matters. The judge seemed to believe that he had granted permanent relief on the merits and had no further issues before him. Our research indicates no case considering issuance of the writ of habeas corpus to be an interlocutory injunction.

■ We note that interlocutory appeals are exceptional; section 1292 is to be narrowly construed. *See, e.g., Carson v. American Brands, Inc.*, 450 U.S. 79, 84, 101 S.Ct. 993, 997, 67 L.Ed.2d 59 (1981); *Switzerland Cheese Association, Inc. v. E. Horne's Market Inc.*, 385 U.S. 23, 87 S.Ct. 193, 17 L.Ed.2d 23 (1966); *Gould v. Control Laser Corp.*, 650 F.2d 617 (5th Cir. Unit B 1981).[4]

■ We believe that in this case the State's appropriate course is not to appeal the grant of the writ as an interlocutory injunctive order causing it irreparable injury, but rather to move the district court to stay the grant of the writ pending determination of the remaining claims. If the district court, when the lack of finality in its order is pointed out, orders that the prison-

---

**4.** In *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir.1982), this court adopted as binding precedent all decisions of Unit B of the former

Fifth Circuit handed down after September 30, 1981.

er be released pending resolution of the remaining claims, the interlocutory character of the order will be plainly established. At that time, the state could attempt to have the district court make the necessary determinations to render the order appealable under rule 54(b), or it could attempt to appeal under 28 U.S.C. § 1292(a). At least until the interlocutory character of the order is thus established, we will not take jurisdiction of the appeal because we do not wish to encourage what is, practically speaking, a piecemeal appeal of part of a habeas case, in contravention of general policies against such piecemeal appeals and the special policy of disposing of habeas petitions expeditiously.