No. 85–188.   KEMP, WARDEN v. BLAKE.   C. A. 11th Cir. Certiorari denied.

JUSTICE WHITE, dissenting.

This case presents the question whether, in a habeas corpus proceeding presenting multiple claims for relief, an appellate court has jurisdiction to review an order of the district court without disposing of all of petitioner's claims.   In his habeas petition to

the District Court, respondent presented 59 constitutional claims. The District Court found that three of these claims had merit and granted the writ, but expressly refused to rule on the remaining claims. *Blake* v. *Zant*, 513 F. Supp. 772 (SD Ga. 1981). On appeal, the Eleventh Circuit originally held that, because the District Court's order did not finally determine all of the claims presented in the habeas petition, under Federal Rule of Civil Procedure 54(b),[1] there was no final judgment, and therefore, the court was without jurisdiction to consider the appeal under 28 U. S. C. § 1291.[2] *Blake* v. *Zant*, 737 F. 2d 925, 928 (1984). On *sua sponte* reconsideration, however, the court determined that a district court order granting a writ of habeas corpus is a final judgment within the meaning of § 1291, regardless of the district court's refusal to consider the remainder of petitioner's claims. 758 F. 2d 523, 524–525 (1985).

This later decision of the Eleventh Circuit conflicts with the practice of the Eighth Circuit. That court has held that, when a district court grants habeas relief to a petitioner on some but not all of the claims presented for consideration, the court of appeals does not have jurisdiction to review the trial court's decision unless its order also finally disposes of the remainder of petitioner's claims. *Stewart* v. *Bishop*, 403 F. 2d 674, 679–680 (1968). See also *Gray* v. *Swenson*, 430 F. 2d 9, 11 (CA8 1970) (Rule 54(b) applies to prohibit appeals when fewer than all habeas claims are

---

[1] Rule 54(b) provides as follows:

"(b) *Judgment Upon Multiple Claims or Involving Multiple Parties.* When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

[2] Section 1291 provides, in pertinent part, as follows:

"The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ."

finally determined by the district court's order, but finding all claims to have been decided). Given this direct conflict among the Courts of Appeals, I would grant certiorari in this case.