**Robert Burdett BUTLER, Petitioner,**

v.

**George W. SUMNER and Brian McKay, Attorney General, Respondents.**

**No. CV–N–88–0001–ECR.**

United States District Court, D. Nevada.

Nov. 21, 1991.

Brian McKay, Atty. Gen., Carson City, Nev., for petitioner.

ORDER

EDWARD C. REED, Jr., Chief Judge.

Petitioner Robert Burdett Butler filed a Petition for Writ of Habeas Corpus pursu-

ant to 28 U.S.C. section 2254. In our order dated July 18, 1991 (document # 64), this Court disposed of all claims except the claim of ineffective assistance of counsel at sentencing. We found that petitioner's sentencing counsel "was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). We reserved ruling on whether the inadequate assistance prejudiced the petitioner until a hearing could be held. Counsel was appointed for petitioner and the hearing was held on October 25, 1991. The issue is now ready for resolution by this Court.

In 1980, Petitioner Robert Burdett Butler was charged with one count of Lewdness with a Minor, one count of Infamous Crimes Against Nature and twenty counts of Sexual Assault.

Petitioner's crimes stem from his relationship with a young boy between 1977 and 1979. Petitioner instructed the boy, who was ten to eleven years old, in acrobatics over this two-year period. Petitioner also rented a room at the boy's home. The victim testified at trial that petitioner sodomized and fellated the boy and had the boy fellate him during the time that petitioner lived in his house. The victim also testified that petitioner often talked with him about homosexuality and showed him books about homosexual behavior. In addition, evidence of petitioner's prior convictions and sexual advances to other boys he was training was admitted.

Petitioner was convicted of all counts. At sentencing, the prosecutor did not make a specific recommendation, but urged the judge to exceed the Department of Parole and Probation's recommendation and impose "enough consecutive life terms ... so that this vermin will not crawl out from under his rock again." The prosecutor also compared the petitioner to Attila the Hun and reiterated petitioner's long history of sexual offenses. *See* Exhibits in Support of Answer to Petition (hereinafter "Record"), Exhibit O at 310–12.

Petitioner's sentencing counsel, who had just been retained, was completely unpre-pared for the sentencing hearing. He did not meet with petitioner or trial counsel before sentencing. He was granted a two-day continuance to prepare and was told that no other continuances would be granted. Record, Exhibit O at 331–32. Nevertheless, he appeared on the day of sentencing and requested a continuance because he had not yet met with petitioner or reviewed the pre-sentence report with petitioner himself. The request was denied. Record, Exhibit O at 309.

Counsel proceeded to present an argument which the Nevada Supreme Court found "tentative and unconvincing." *Record,* Exhibit M at 2–3. He was unfamiliar with the events at trial and unable to argue on petitioner's behalf. In fact, the judge corrected the limited comments counsel did make regarding petitioner's background. Record, Exhibit O at 313–14. Counsel gave a five-sentence argument, telling the judge that prison was not the place for petitioner, "but I don't know what choice the Court has." *Id.* at 312.

The probation and parole report recommended that petitioner receive a term of five years on the lewd conduct charge and three consecutive life sentences on the remaining charges. Petitioner was sentenced to the maximum term on all counts: ten years on the lewdness count, life with possibility of parole (minimum five years) on the infamous crime count, and life with the possibility of parole (minimum ten years) on each of the sexual assault counts, for a total of twenty-one life sentences plus ten years. All sentences are to run consecutively.

To sustain a claim of ineffective assistance of counsel, petitioner must establish both that his counsel's performance at sentencing fell below an objective standard of reasonableness and that petitioner was prejudiced by the deficient performance. *Strickland,* 466 U.S. at 687–88, 104 S.Ct. at 2064–65. We previously determined that sentencing counsel's performance was deficient. The sole remaining issue is whether petitioner was prejudiced as a result.

The test for determining prejudice is whether there is "a reasonable probability

that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. at 2068.

Petitioner presents several arguments that he contends could have been made by competent counsel at sentencing. First, petitioner argues that sentencing counsel should have emphasized the parole and probation department's recommendation of three life sentences. According to petitioner, these recommendations are often followed by courts and sentencing counsel should have stressed the department's methods and rationale in arriving at this recommendation.

Petitioner also argues that sentencing counsel should have presented comparative arguments relating to sentences given for similar crimes and for more serious crimes. Petitioner contends that such a comparison would have demonstrated that the maximum sentence in this case would far exceed sentences given for more violent crimes and crimes involving more than one victim. Petitioner notes that the fact that his crimes involved only one victim and did not involve force or physical injury could have been emphasized to argue for concurrent, rather than consecutive, sentences.

In addition, petitioner notes that sentencing counsel did not mention any mitigating factors, such as petitioner's talent and reputation in his community. Although some character witnesses testified at trial on behalf of petitioner, other former students and associates would have been available for the sentencing hearing. Neither did sentencing counsel mention petitioner's age as a possible mitigating factor.

Respondents argue that because the judge based his sentence primarily on petitioner's prior history and the nature of his crimes, no argument that counsel might have presented would have resulted in a more lenient sentence. This argument would be persuasive had counsel presented any argument to the sentencing court. We are not faced with a situation in which an attorney did not make all the arguments he could have, or did not make the arguments his client later wishes had been presented. Here, counsel essentially made no argument on behalf of his client, and petitioner subsequently received the harshest sentence possible, a sentence which no one had recommended.

In evaluating ineffective assistance of counsel claims in similar cases, courts have emphasized the role of the sentencing proceeding in focusing on the individual defendant. In *Deutscher v. Whitley,* the Ninth Circuit Court of Appeals held that the petitioner was prejudiced by his counsel's ineffective performance at the sentencing hearing. 884 F.2d 1152, 1161 (9th Cir.1989), *vacated on other grounds sub nom., Angelone v. Deutscher,* — U.S. —, 111 S.Ct. 1678, 114 L.Ed.2d 73 (1991), *on remand, Deutscher v. Whitley (Deutscher II),* 946 F.2d 1443, 1447 (9th Cir.1991).

In *Deutscher,* counsel did not prepare for sentencing and did not consider putting on evidence of petitioner's mental problems or any other mitigating evidence. The Court noted that counsel's failure to produce any mitigating evidence at the penalty phase denied petitioner the chance to ever have "a jury, Nevada's death penalty arbiter, fully consider mitigating evidence in his favor." *Deutscher,* 884 F.2d at 1161. The Court of Appeals reversed this Court's finding of no prejudice and remanded for resentencing. *Deutscher II,* 946 F.2d at 1447.

Similarly, in *Armstrong v. Dugger,* the petitioner's counsel failed to prepare for sentencing and did not present mitigating evidence or character witnesses on petitioner's behalf. The state argued that much of the evidence was either presented to the jury during the trial or would have been perceived as aggravating rather than mitigating. 833 F.2d 1430, 1433 (11th Cir. 1987). The court disagreed with the state's conclusion that petitioner was not prejudiced. The court found that counsel's failure to produce evidence at the sentencing stage prevented the jury from having the necessary information to focus on the particularized characteristics of the defendant. *Id.*

The Eleventh Circuit Court of Appeals has found prejudice where counsel fails to present mitigating character evidence even though that evidence may have elicited negative testimony as well. *Blake v. Kemp*, 758 F.2d 523, 534–35 (11th Cir.), *cert. denied*, 474 U.S. 998, 106 S.Ct. 374, 88 L.Ed.2d 367 (1985). There, the court found that the mitigating evidence could have provided some counterweight to the aggravating evidence presented. The court held that counsel's deficient performance prejudiced the petitioner even though the jury may have imposed the death sentence anyway. *Id.*

One court has found that counsel's failure to speak on his client's behalf at sentencing or to provide any assistance in preparing for sentencing constituted constructive denial of counsel sufficient to raise a presumption of prejudice. *Gardiner v. United States*, 679 F.Supp. 1143, 1147 (D.Me.1988). While the case at bar does not warrant this presumption, we find the court's comments regarding sentencing illuminating:

> Prejudice is almost certain to occur when counsel declines to speak for his client at sentencing, for without knowing what reasonably competent counsel might have said and how he or she would have said it, the Court cannot tell what its reaction would have been to the presentation.

*Id.* at 1147 n. 7.

Here, counsel's unprofessional performance denied the court the opportunity to focus on the particular circumstances of petitioner's case. We recognize the terrible nature of petitioner's crimes and his long criminal history. It is possible that petitioner would have received the same sentence had his counsel performed competently. We also recognize, however, our duty to uphold the Constitution of the United States and to insure its uniform application. Counsel's complete failure to present any argument or evidence that might have persuaded the judge to temper the severity of his sentence is sufficient to undermine our confidence in the outcome.

We find that there is a reasonable probability that the outcome of the sentencing would have been different had petitioner been represented by competent counsel. Petitioner has met both prongs of the *Strickland* test and has established that he was denied his Sixth Amendment right to effective assistance of counsel at sentencing.

It is hereby ORDERED that petitioner's Second Amended Petition for Writ of Habeas Corpus (document # 34) shall be GRANTED unless the State of Nevada resentences petitioner within ninety (90) days.

It is so ORDERED.