# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 16-3718

———————————————

Larry Gene Burks,

*Plaintiff - Appellee,*

v.

Wendy Kelley, Director, Arkansas Department of Correction (originally named as Ray Hobbs),

*Defendant - Appellant.*

——————————

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff

——————————

Submitted: September 20, 2017
Filed: February 5, 2018

——————————

Before COLLOTON, BENTON, and KELLY, Circuit Judges.

——————————

COLLOTON, Circuit Judge.

Larry Burks was convicted of rape in Arkansas and sentenced to thirty years in prison. When Burks, more than five years later, petitioned for a writ of habeas corpus under 28 U.S.C. § 2254, there was a dispute about whether the petition was timely. The district court determined that the one-year statute of limitations should be equitably tolled and deemed Burks's petition timely. The State appeals, and we

conclude that Burks is not entitled to equitable tolling, because he did not demonstrate reasonable diligence during the limitations period. Accordingly, we vacate the district court's order and remand with directions to dismiss the petition as untimely.

Burks was convicted and sentenced in March 2008. The Arkansas circuit court entered judgment on March 19, 2008. Burks's trial counsel then moved to withdraw from further representation of Burks. The motion stated that Burks "would like to begin the appeal process immediately," and asked that Burks "be declared indigent, and that a public defender be assigned to represent him for the appeals process." At a hearing on April 11, 2008, counsel advised the circuit court that Burks "does wish to appeal."

The special judge who presided at the April 11 hearing found that Burks was indigent and granted counsel's motion to withdraw. The judge, however, did not appoint substitute counsel to assist Burks with his direct appeal. The transcript reflects that a public defender who was present and the presiding judge both believed that an appellate court would appoint counsel for Burks after the circuit court granted trial counsel's motion to withdraw. Therefore, the court relieved trial counsel but stated that "the Public Defender's not appointed." The court told Burks that he was declared indigent, and that "you can proceed with your own appeal and ask for assistance, I suppose, if you need to."

Burks never filed a direct appeal, and the judgment in his criminal case thus became final on April 18, 2008, thirty days after it was entered. *See* 28 U.S.C. § 2244(d)(1)(A); Ark. R. App. P. Crim. 2(a)(1). In May 2008, Burks filed *pro se* motions with the circuit court for all hearing and trial transcripts and for discovery. The court denied both motions, stating that "defendant has not demonstrated a compelling need for specific documentary evidence to support an allegation in a post-conviction proceeding." In his motion for transcripts, Burks claimed that he moved the same day to vacate his conviction, but there is no record of a motion to vacate. In

his federal petition for habeas corpus, Burks similarly claimed that he filed a notice of appeal, a Rule 37 petition for state postconviction relief, and a habeas corpus petition in July 2008 while he was incarcerated at the Varner Unit. There is no record of any of such filing.

In December 2013, more than five years after the judgment became final, Burks began to inquire about the status of his case. He sent letters to the Arkansas Supreme Court, the Arkansas Judicial Discipline & Disability Commission, the Arkansas Bar Association, and the Arkansas State Public Defender Commission. Shortly thereafter, the Arkansas circuit court held two hearings to clarify why Burks did not appeal and why he had waited five years to inquire about his case. Burks claimed that he personally had filed an appeal, a Rule 37 petition, and a habeas corpus petition; he also testified that "[o]ne of the guys working in the law library at Varner" told him that an appeal would take three to five years. The circuit court, having developed the record, ordered the Public Defender's Office to pursue a belated appeal for Burks.

On March 20, 2014, the Arkansas Supreme Court summarily denied Burks's motion for leave to pursue a belated appeal. Burks's motion was filed seventy-one months after the entry of judgment, and the Arkansas Rules of Appellate Procedure provide that "no motion for belated appeal shall be entertained by the Supreme Court unless application has been made to the Supreme Court within eighteen (18) months of the date of entry of judgment." Ark. R. App. P. Crim. 2(e).

Burks then filed a petition for writ of habeas corpus in the district court on April 25, 2014. Unless the statute of limitations period was tolled, it would have expired more than five years earlier on April 20, 2009, one year after the entry of judgment. *See* 28 U.S.C. § 2244(d)(1)(A). A magistrate judge recommended dismissing the petition as untimely. The district court, however, concluded that the limitations period was tolled for equitable reasons, because the Arkansas state courts improperly denied Burks the assistance of counsel for a direct appeal. The court thus ruled that Burks's

petition was timely. On June 27, 2016, the court ordered the State, within 120 days, to "appoint Burks appellate counsel, accept his request for an appeal, and consider the appeal as having been timely filed, or vacate his convictions and re-try him." The court further provided that if the State did not comply, then the court would grant Burks's petition in its entirety and vacate the convictions.

The State moved to alter or amend judgment under Federal Rule of Civil Procedure 59(e). The district court ruled that the motion was not proper, because the court thought the June 27 decision was not a final order, and Rule 59(e) does not provide for relief from a nonfinal order. *See Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999). The State then filed a notice of appeal, and this court stayed the district court's June 27 order pending resolution of this appeal.

In view of the district court's assertion that the June 27 ruling was not a final order, we address first our jurisdiction over this appeal. This court has jurisdiction under 28 U.S.C. § 1291 over appeals from all final decisions of the district courts. We conclude that the district court's order of June 27 was a final decision. By ordering the State to choose between providing Burks an opportunity to pursue a belated direct appeal with counsel or accepting vacatur of Burks's convictions, the district court ended the litigation on the merits and left nothing for the court to do but execute the judgment. As the district court observed in its June 27 order, vacatur of a conviction may be conditioned on a State's refusal to correct a wrong, and federal courts have broad discretion in conditioning a judgment granting habeas relief. But the conditional nature of habeas relief does not mean that a decision is nonfinal. We held in *Gray v. Swenson*, 430 F.2d 9 (8th Cir. 1970), that a comparable order was a final decision appealable by the State. There, a district court ordered a petitioner released from confinement unless the State within ninety days afforded him an appropriate evidentiary hearing about the voluntariness of a confession. *Id.* at 11; *accord Walton v. Caspari*, 916 F.2d 1352, 1354 (8th Cir. 1990); *Robinson v. Wyrick*, 635 F.2d 757, 759 (8th Cir. 1981).

-4-

Although Burks raised other claims in his habeas petition, an order granting relief on one claim is typically considered final. *See Sprosty v. Buchler*, 79 F.3d 635, 645 (7th Cir. 1996); *Phifer v. Warden*, 53 F.3d 859, 862-63 (7th Cir. 1995); *Blazak v. Ricketts*, 971 F.2d 1408, 1410-12 (9th Cir. 1992) (per curiam).  In this case, if the State were to grant Burks a belated direct appeal, then his remaining claims would no longer be ripe for review in a federal postconviction proceeding and must be renewed if he is unsuccessful on direct appeal.  Alternatively, if the State declines to provide for a belated appeal, and the convictions are vacated, then Burks will have received all of the relief requested.  The June 27 decision is therefore final and appealable.[*]

On the merits of the State's appeal, we begin with the proposition that the statute of limitations applicable to habeas corpus petitions may be tolled for equitable reasons in limited circumstances.  A petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation omitted).  On *de novo* review, we conclude that Burks is not entitled to this narrow form of equitable relief because he failed to pursue his rights diligently.

The diligence required for equitable tolling is "reasonable diligence," not "maximum feasible diligence." *Holland*, 560 U.S. at 653.  But Burks's actions in this case do not meet the standard of reasonableness.  Although Burks expressed a desire to appeal immediately following his conviction in March 2008, and filed *pro se*

_____

[*]This court in *Stewart v. Bishop*, 403 F.2d 674 (8th Cir. 1968), held only that the court lacked jurisdiction over a habeas petitioner's attempt to appeal a district court's interlocutory orders granting conditional relief on one of five claims, where the orders did not dismiss or reject any of the claims for relief and were directed entirely toward requiring the State to afford certain relief to the petitioner.  The court did not address whether the State could have appealed an order granting conditional relief to the petitioner.

motions for transcripts and discovery in the circuit court in May 2008, he did not make any inquiry about obtaining counsel or gaining relief from his conviction before the limitations period expired in April 2009. Burks did not take action until December 2013, more than five years after the judgment was entered. Sixty-seven months of inactivity by a prisoner who wishes to challenge his conviction is not reasonable diligence.

That "one of the guys working in the law library at Varner" allegedly told Burks that an appeal could take three to five years does not excuse Burks's inaction. Burks had no sound reason to believe that an appeal had been filed. The circuit court told him in April 2008 that the public defender was *not* appointed to represent him, and that Burks could proceed with his own appeal if he wished. Burks's claim that he filed his own direct appeal while incarcerated is unsupported by the record, but at the same time belies any suggestion that he thought an appeal was already pending.

Even assuming that discussion at the hearing in April 2008 might have led Burks to believe that an appellate court would appoint counsel for him, a reasonably diligent prisoner should have done something thereafter to protect his rights. Where another habeas petitioner mistakenly believed that an attorney had filed a timely notice of appeal in his case, for example, we held that a reasonably diligent person would not have waited even a year to contact his attorney about the status of the appeal. *Anjulo-Lopez v. United States*, 541 F.3d 814, 818 (8th Cir. 2008). Likewise, a prisoner in Burks's position should have made inquiry about the status of his case within the one-year limitations period; it was not reasonable for him to do nothing for more than five years after filing two unsuccessful *pro se* motions in May 2008. Because Burks was not reasonably diligent, he is not eligible for equitable tolling of the statute of limitations.

For these reasons, the district court's order of June 27, 2016 is vacated, and the case is remanded with directions to dismiss the petition as untimely under 28 U.S.C. § 2244(d)(1)(A).

_____